[Crim. No. 23444. Second Dist., Div. Four. Oct. 16, 1973.]

THE PEOPLE, Plaintiff and Appellant, v.
ANTHONY CARL FLY et al., Defendants and Respondents.

## COUNSEL

Joseph P. Busch, District Attorney, Harry B. Sondheim, Donald J. Kaplan and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Appellant.

Ashman & Hannon, Michael Hannon and David A. Ashman for Defendants and Respondents.

## OPINION

**KINGSLEY, J.**—The People appeal, pursuant to paragraph (7) of subdivision (a) of section 1238 of the Penal Code, from an order made under section 1385 of the Penal Code, dismissing a criminal prosecution after the trial court had granted defendants' motion under section 1538.5 of the Penal Code to suppress certain evidence. We affirm the order of dismissal.

Acting on a tip, a narcotic agent proceeded to investigate the premises occupied by defendants. With the permission of a neighbor, the agent attempted to look into the backyard of defendants' residence. Because his view was obstructed by foliage, he was able only to see plants that might be marijuana. By the agent's own account that viewing was not enough to enable him to say positively that the plants were marijuana.[1] He returned

---

[1]"A I went into his back yard, the east side of his yard, maybe, the southeast side in front of his garage, and I attempted to look through the back yard of 5138 Maplewood Avenue. There was a lot of foliage and vines. Through those vines, I could see types of plants that looked like marijuana but that was not enough for me to say

the next day with a telescope and (again with the neighbor's permission) looked through an opening in the foliage.[2] The enlarged view which his telescope gave him enabled him to be certain that the plants were, in fact, marijuana. The agent then procured a warrant, the execution of which resulted in securing the marijuana and other drugs which form the basis of the present prosecution and which the trial court suppressed.

The briefs and oral argument considered the issue of the legality of the use by the officer of a telescope in order to see with sufficient accuracy the plants involved. ■ We do not reach that issue because we conclude that, on the record in this case, the evidence supports the court's finding that the officer viewed the yard, on both occasions, from a vantage point as to which the defendants had a reasonable expectation of privacy. The evidence before the trial court, and before us, included a photograph of the area involved. It shows that, in order for the officer to peer through the vines into the yard, he had to squeeze into a narrow area between the neighbor's garage and defendants' fence and that that area was almost blocked by heavy foliage and weeds. The expectation created by the vines covering the fence was even greater by reason of the protection afforded at the vantage point selected by the officer. Each case stands on its own facts; however, the expectation of privacy in the case at bench was, if anything, greater than that in *People* v. *Sneed* (1973) 32 Cal.App.3d 535 [108 Cal.Rptr. 146]. We cannot say that the trial court erred in its ruling.[3]

The order is affirmed.

Files, P. J., and Dunn, J., concurred.

A petition for a rehearing was denied November 5, 1973, and appellant's petition for a hearing by the Supreme Court was denied December 27, 1973.

---

at that point they were marijuana plants, because I could not get a good enough view of them.

"Q You could only see the tips?

"A Yes, and a few leaves. It was hard to get depth."

[2]The agent testified that he stooped down in order to peer through a small opening in the vines. He also testified that:

"Q Let me ask you this, Officer Berman, did you have to separate or hold aside any of the foliage to even get the view of the types of plants? In other words, did you have to put your hands on the vines and move them apart?

"A No, in fact, the vines are fairly thick and they have openings. I did not want to make any noise because the houses are fairly close together, so I just looked through what openings did exist."

[3]It is agreed that, if the viewings through the vines constituted an illegal search, the warrant was invalid and the evidence illegally seized.