Roger M. GEORGE, Appellant,

v.

The STATE of Texas, Appellee.

No. 48285.

Court of Criminal Appeals of Texas.

May 15, 1974.

Rehearing Denied May 29, 1974.

Roy Q. Minton, John L. Foster, Austin, for appellant.

Robert O. Smith, Dist. Atty., Charles Craig, Asst. Dist. Atty., and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of marihuana; the punishment, ten years probated.

The sole question presented is the legality of the search. Officer Sides testified that he received an anonymous telephone call reporting that he (the caller) had seen marihuana growing in the back yard at a specific address (identified in subsequent testimony as the appellant's home) and that if he (Officer Sides) would go to that location, he would find a large quantity of marihuana growing there. Officer Sides proceeded to that location and went upon a vacant lot where some maintenance men were working adjacent to appellant's eight-foot high privacy fence. Through cracks and knotholes therein he was able to see marihuana plants growing inside. He stated that he was standing "about a foot" from the fence when he peered through. The evidence is undisputed that the fence was located 18 inches inside the appellant's property line. After seeing the marihuana, Sides then secured a search warrant and upon entering appellant's back yard through the house he found 675 marihuana plants ranging in height from two and a half to four feet.

The question before us as stated advantageously to appellant in his brief is as follows:

"Stated in its simplest terms the only question before this court is whether or not Sergeant Sides was required to ob-

tain judicial authorization in the form of a search warrant before he could lawfully approach the privacy fence enclosing the defendant's back yard and peer through minute cracks and defects in the fence for the plain and admitted purpose of attempting to observe violations of the law. If he was not, then the subsequent search of the house and yard was valid. If he was, then all of the fruits of that initial search, including the fruits of the search justified by the observations, are inadmissible."

A very similar fact situation was before this Court in Gil v. State, 394 S.W.2d 810, and Capuchino v. State, 389 S.W.2d 296. See also Gil v. Beto, 5 Cir., 440 F.2d 666. In these cases the officers went upon a common walkway at a tourist court and peered through defective venetian blinds. They proceeded to search without a warrant based upon what they saw through the window. This Court and the Fifth Circuit Court of Appeals upheld the legality of the officers' conduct.

People v. Fly, 34 Cal.App.3d 665, 110 Cal.Rptr. 158, relied upon by appellant is not controlling because the officer there viewed the marihuana on the accused's premises through a telescope from a vantage point on a neighbor's property "to which the defendants had a reasonable expectation of privacy."

The anonymous telephone call did not constitute probable cause for an arrest or a search within the house or within the fence. It did, however, authorize the officer to initiate an investigation by proceeding to the neighborhood to determine if there were any witnesses or contraband in plain view. There was a legitimate reason for the officer's being in and around the neighborhood. We hold that the limited investigation by the officer which resulted in the observation of the marihuana was not unreasonable under the circumstances. The officer's action in then proceeding to obtain a proper search warrant was commendable. Officers must have some reasonable leeway to investigate into criminal activity absent probable cause for an arrest or search. Turner v. State, Tex.Cr.App., 499 S.W.2d 182; Walker v. Beto, 437 F.2d 1018 (1971); United States v. Knight, 451 F.2d 275, cert denied, 405 U.S. 965, 92 S.Ct. 1171, 31 L.Ed.2d 240. We overrule appellant's contention.

Finding no reversible error, the judgment is affirmed.