**Karl HAMMOND, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–83–300–CR.**

Court of Appeals of Texas, Corpus Christi.

Jan. 26, 1984.

Richard Langlois, San Antonio, for appellant.

Roy Carper, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a trial before the court in which the judge found appellant guilty of burglary of a habitation and sentenced him to eight years in the Texas Department of Corrections.

Appellant brings forward three grounds of error on appeal. First, he contends the trial court erred in admitting into evidence testimony regarding appellant's possession of a television because this evidence was obtained as a result of an illegal detention.

The testimony regarding appellant's possession of the television was introduced through Police Officer Ruben Hernandez. Hernandez testified that on the evening of November 4, 1981, he was on patrol in the area which includes Vine Street in the city of San Antonio. He testified that at about 11:00 o'clock he vaguely remembered hearing a burglary report being made. He was not assigned to the call, however. Thereafter, he then received a call to go to a particular address on Vine Street regarding a disturbance. He testified that as he was just about ready to turn onto Vine Street, he saw the appellant "kind of run" in front of him with a television set. At that point, he pursued the appellant to a house. The officer asked another officer to watch appellant while he checked to see if any businesses had been burglarized in the area. Officer Hernandez found the complainant who said that someone had broken into his house and taken his television. Complainant then identified the television in appellant's possession as the one stolen from his home. Complainant led the officers to appellant's home and Hernandez saw a radio scanner behind a screen. They then came upon some fishing rods and reels which complainant also claimed were his.

In appellant's first ground of error, he alleges that the trial court erred in admitting into evidence the testimony of appellant's possession of the television because the evidence was obtained as a result of an illegal detention. In order to justify a stop, a peace officer must be able to relate specific and articulable facts which, in light of his experience and personal knowledge, taken together with rational inferences from those facts, would constitute more than an inarticulable hunch or suspicion that a crime was in progress. *Williams v. State,* 621 S.W.2d 609 (Tex.Cr.App.1981).

At trial, Hernandez testified that he had been a San Antonio Police Officer for four and one-half years. He stated that he observed the appellant running through the streets with a television set after midnight. The particular area was known for having a large number of burglaries. He recalled hearing on the radio that there had been a burglary in the area. These facts, all of which were known to Officer Hernandez at the time he stopped appellant, constituted more than an inarticulable hunch or suspicion. Taken as a whole, we find that these facts satisfy the requirement for a proper investigatory stop. Appellant's first ground of error is overruled.

In appellant's second ground of error, he asserts that the trial court erred in receiving testimony regarding the recovery of the police scanner and fishing rods and reels because the evidence was obtained as a result of an illegal search and seizure. Testimony regarding the search to find the fishing rods and reels was presented through Officer Hernandez and the complainant. No objection was made by the appellant to the admission of this testimony. Absent proper objection, no error is preserved. *Dunavin v. State,* 611 S.W.2d 91 (Tex.Cr.App.1981); *Esquivel v. State,* 595 S.W.2d 516 (Tex.Cr.App.1980). Appellant's second ground of error is overruled.

In appellant's third ground of error, he alleges that the indictment is fundamentally defective because it fails to allege a culpable mental state with respect to the allegation of burglary with intent to commit theft. Appellant argues that the indictment fails to allege a specific intent to commit theft. The indictment charges the appellant with burglary under TEX.PE-

NAL CODE ANN. § 30.02(a)(3) (Vernon 1974), which reads:

"(a) a person commits an offense if, without the effective consent of the owner, he;

(3) enters a building or habitation and commits or attempts to commit a felony or theft."

The indictment was worded as follows:

"On or about the 15th day of November, 1981 Karl Hammond did then and there intentionally and knowingly enter a habitation and therein attempted to commit and committed theft without the effective consent of Richard Baeza, the owner of said habitation...."

■ The elements of the offense of burglary for which appellant was indicted are set forth in *Davila v. State,* 547 S.W.2d 606, 608 (Tex.Cr.App.1977) as follows:

1. a person
2. intentionally and knowingly
3. enters a habitation or building
4. without the effective consent of the owner, and
5. commits or attempts to commit a felony or theft.

The indictment in this case includes all of the elements required under TEX.PENAL CODE ANN. 30.02(a)(3). We hold that the indictment is not fundamentally defective.

The judgment of the trial court is affirmed.