Anthony Raymond GLASS, Appellant,

v.

The STATE of Texas, Appellee.

No. 307–83.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 14, 1984.

Philip R. Presse, Leon J. Grizzard, Austin, for appellant.

Ronald Earle, Dist. Atty., and Ralph Graham and LaRu Woody, Asst. Dist. Attys., Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

Anthony Raymond Glass, the appellant on appeal and the defendant in the trial court, attempted in the trial court, through a written motion to suppress, to keep "[a]ny evidence, including contraband, alleged to have been recovered from the Defendant or from the vehicle which the Defendant was driving, after it was stopped by law enforcement officers on or about the 17th day of November, 1979," from being admitted into evidence at his trial. He was unsuccessful. After a hearing on stipulated evidence, which had been adduced at an examining trial, the trial judge overruled the motion. Thereafter, appellant waived his right to trial by jury and entered a plea of not guilty to the charge of unlawful possession of methamphetamine, a controlled substance, after which the trial court found him guilty. Punishment was assessed at five (5) years' confinement in the penitentiary, probated, and a fine of $1,000, which was not probated.

Appellant's sole contention on appeal was: "The trial court erred in failing to grant appellant's Motion to Suppress, and in admitting evidence at trial which was the fruits of the illegal stop." He argued under his contention that the initial automobile stop by the police was not supported by *reasonable suspicion* and that the items recovered from the vehicle he had been driving were the fruits of an illegal stop by the police. See *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The Austin Court of Appeals, in a unanimous but unpublished opinion by Justice Powers, overruled appellant's contention and affirmed the conviction. See *Glass v. State*, No. 3–82–373–CR (T), March 3, 1983. We reverse.

Because of the issue that is presented, we find it necessary to state some of the more prominent facts that led the police officers to stop the vehicle appellant was driving, which stop resulted in the seizure, inter alia, of methamphetamine for which appellant was charged and convicted for possessing.

The facts presented through Officer Ben Rodriguez of the Austin Police Department reflect or indicate that a dispatcher of the Austin Police Department received a telephone call from a person who did not identify himself. The caller notified the dispatcher that occupants of two automobiles, which automobiles were only described by the caller as a brown over beige El Camino and a blue Fairlane, were shooting at each other at or near the intersection of Parker and Oltorf Streets in Austin.

The dispatcher relayed the information that he had received from the anonymous telephone caller, through police radio channels, presumably to all police patrolling units that were situated in that area of Austin.

Patrol Officers Rodriguez and Garza heard the dispatch, after which they immediately proceeded to the intersection. However, after arriving at the intersection, they saw no unusual activity occurring or taking place, such as persons in one vehicle shooting at persons in another vehicle. Nevertheless, they stationed themselves near the intersection. Within three or four minutes, they observed a brown over beige colored El Camino vehicle traveling south on Parker Lane. The officers stopped the vehicle. Garza went to the driver's side of the vehicle and Rodriguez went to the passenger's side of the vehicle.

Rodriguez testified that after he went to the passenger's side of the vehicle, he "noticed" the outside passenger in the car

looking at him. To Rodriguez, the passenger "seemed kind of nervous." Rodriguez also testified: "As I walked up he turned away from me, and I walked up and asked for identification. He was nervous then and made me nervous, so I asked him to get out of the car," which the passenger did. A search of the passenger compartment of the vehicle appellant had been driving followed, revealing two pistols and methamphetamine, the latter which is the basis of this case.

■ We first hold that the above facts, that gave rise to Rodriguez and Garza stopping the vehicle driven by appellant, do not rise to the level of probable cause to arrest or probable cause to search either appellant or the occupants of the vehicle or the vehicle itself. This is because an anonymous telephone call, like an anonymous letter, standing alone, will never provide sufficient facts that would authorize a warrantless arrest or search, which is, per se, unreasonable. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Something more is required before probable cause to make a warrantless arrest or search is shown to exist. E.g., *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527, 541 (1983).

Notwithstanding that we have concluded that we are not presented with sufficient probable cause facts, that would have authorized Rodriguez and Garza to stop the vehicle driven by appellant, we must decide whether sufficient facts were established that would have authorized them to make an investigatory stop short of a warrantless arrest. We find that such facts do not exist in this record.

■ In order to justify an investigative stop, Rodriguez and Garza were required by law to meet the standard that justifies the intrusion of an investigatory stop. That standard is that before Rodriguez and Garza were lawfully entitled to stop the vehicle driven by appellant, they had to have specific, articulable facts, which in light of their experience and general knowledge, together with rational inferences from those facts, would reasonably warrant their intrusion on the appellant and the occupants of the vehicle he was driving when they stopped him. See *Terry v. Ohio*, 392 U.S. 1, 21, 30, 88 S.Ct. 1868, 1880, 1884, 20 L.Ed.2d 889, (1968). Also see *Brown v. Texas*, 443 U.S. 47, 51, 99 S.Ct. 2637, 2640, 61 L.Ed.2d 357 (1979); *United States v. Brignoni-Ponce*, 422 U.S. 873, 884, 95 S.Ct. 2574, 2581, 45 L.Ed.2d 607 (1975); *Brown v. State*, 481 S.W.2d 106 (Tex.Cr.App.1972). Mere suspicions do not meet this test, *Hull v. State*, 613 S.W.2d 735 (Tex.Cr.App.1981), but neither is absolute certainty required. *Armstrong v. State*, 550 S.W.2d 25 (Tex.Cr.App.1977) (opinion on rehearing). Under the above facts, we find that the officers were not justified in stopping the vehicle driven by appellant.

■ "Probable cause to investigate" exists only where the circumstances reasonably indicate that the particular person either has committed or is preparing to commit a crime. However, the inarticulate hunch, suspicion, or good faith of the investigating officer is never sufficient to justify a police officer to order a subject to stop his motor vehicle or to order a subject from his automobile. Otherwise, "[i]f subjective [belief] alone were the test, the protections of the Fourth Amendment would evaporate, and the people would be 'secure in their persons, houses, places, and effects,' only in the discretion of the police." *Beck v. Ohio*, 379 U.S. 89, 97, 85 S.Ct. 223, 229, 13 L.Ed.2d 142 (1964); *Brown v. State*, supra.

■ In this instance, the record does not reflect when the alleged incident occurred or when the anonymous report was received, and therefore does not show any proximity of time of the stop to the events held by the court of appeals to justify the stop of the vehicle appellant had been driving. Without such proximity in time, it would not be reasonable to conclude, solely on the basis of the match of color and make of the car, that the car stopped was the car involved in the reported incident. Thus, the record does not support a finding that

the anonymous tip authorized the stop of the automobile driven by appellant.

Nor do we find that after Rodriguez and Garza stopped the vehicle that was driven by appellant did sufficient facts surface that would have authorized them to order the persons in the vehicle out of the vehicle. Rodriguez' conclusion from his observation that the passenger was "nervous," thus causing him to become "nervous," which caused him to order the passenger from the vehicle, which placed into motion events which led to appellant's arrest and the charge filed against him, is too tenuous to authorize us to approve a police officer ordering a citizen to leave the motor vehicle in which he might then be situated simply because the officer concluded the citizen was "nervous." We pause to point out that Rodriguez never amplified on why he thought the passenger appeared to him to be "nervous." We believe that in this day and time that when a citizen is suddenly facing an imminent confrontation with police officers for unknown reasons, most citizens with nothing to hide will nevertheless manifest an understandable nervousness in the presence of the officer. Not only the guilty, but the not guilty as well, will react much the same as the outside passenger did in this instance, i.e., exercising a natural impulse. Thus, the appearance of being nervous is as consistent with a person being guilty of having committed or preparing to commit a criminal wrong as with a person not being guilty of anything more than being in the wrong place at the wrong time. *People v. Superior Court of Yolo County*, 3 Cal.3d 807, 91 Cal.Rptr. 729, 478 P.2d 449 (1970). We again pause, this time to point out that until Rodriguez ordered the outside passenger to remove himself from the inside of the automobile, neither Rodriguez nor Garza ever witnessed anything that could even be remotely considered wrongful or criminal conduct.

For all of the above reasons, we conclude that the trial court erred in not granting appellant's motion to suppress and the court of appeals erred in sustaining the trial court's decision to overrule the motion to suppress. Therefore, the judgment of the court of appeals is reversed and the cause remanded to the trial court.

McCORMICK and CAMPBELL, JJ., concur.