**Eugene O. MUNOZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13-86-121-CR.**

Court of Appeals of Texas, Corpus Christi.

April 24, 1986.

Don Killingsworth, San Antonio, for appellant.

Alger H. Kendall, Jr., Floresville, for appellee.

Before NYE, C.J., and UTTER and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from an order revoking appellant's probation. Appellant was convicted of possession of marijuana in an amount over four ounces, pursuant to a guilty plea, in Wilson County, Texas, on October 30, 1981. Punishment was assessed at six years' imprisonment, probated for six years. As a condition of his probation, appellant was not to commit or be convicted of any offense against the laws of this state.

On February 8, 1985, the state filed a motion to revoke appellant's probation alleging that, during the term of his probation, appellant knowingly possessed a usable quantity of marijuana, to wit, more than four ounces but less than five pounds in Karnes County, Texas.[1] Appellant pleaded not true to the allegation. His probation was revoked on July 26, 1985.

Appellant was convicted of the second possession offense in Karnes County in April of 1985. At that trial, appellant challenged the admission of the fruits of the search of his vehicle in a motion to suppress, which was denied. Appellant again urged this motion to suppress at his revocation hearing in Wilson County. It is the denial of that motion to suppress that he now appeals. The transcribed testimony from the Karnes County suppression hearing was admitted into evidence at the revocation hearing.

The evidence in the Karnes County trial regarding appellant's motion to suppress is as follows. Danny Esparza, of the Karnes County Sheriff's Department, testified that he was on duty on February 7, 1985, and received a telephone call complaining of a suspicious vehicle. The call was from a Mrs. Yosko who complained that a blue pick-up truck with a white camper and two Latin males in the front seat had parked on a county road next to her son's house. Her son lived next door to her on FM 81, and "[a] couple of weeks or several weeks prior to this incident her son's house had been broken into .... She was scared that these could have been the same subjects that broke into her son's house...." Esparza got in his patrol car and proceeded down Highway 123 until he observed the blue pick-up at the intersection of FM 81 and Highway 123, approximately three miles from Mrs. Yosko's house. The truck and its occupants fit the description given by Mrs. Yosko.

---

1. In addition to the possession charge, the motion alleged appellant violated his probation by: (1) failing to report to his probation officer; (2) defaulting on several monthly probation fee payments; and (3) defaulting on several payments of court costs. During the revocation hearing, the state waived these allegations and proceeded solely on the possession allegation.

Esparza testified the vehicle proceeded through the intersection and turned south on Highway 123. He stated that he followed the vehicle, and "whenever [he] got past the river bridge [he] stopped the vehicle to identify the driver." As he was talking to appellant, he noticed "a baggy with two rolled cigarettes in it, and a leafy green substance that appeared to ... be marihuana" in appellant's right or left front pocket. Esparza took the baggy and waited until another officer arrived. When Officer Ebrom arrived, he approached the passenger and noticed marihuana smoke inside the pick-up and "a leafy green substance on the floorboard, and baggies that appeared to be marihuana." The officers then searched the bed of the truck and found a suitcase containing four to six ounces of marihuana. The two subjects were arrested and taken into custody. A subsequent body search at the jail revealed another ounce of marijuana on appellant's passenger.

Officer Esparza had difficulty articulating exactly why he and Mrs. Yosko considered the vehicle to be suspicious. Mrs. Yosko did not indicate that the vehicle or its occupants engaged in any criminal activity at the time she observed them. On cross-examination, the following exchange took place between defense counsel and Officer Esparza:

Q. Up until that time [the stop], you had absolutely no reason to believe that any crime had been committed?

A. At that time whenever I stopped the car I thought possibly they could be involved in something.

Q. Possibly?

A. Yes, sir.

Q. Mere suspicion on your part?

A. And Mrs. Yosko.

Q. Okay, now, did Mrs. Yosko indicate to you that they had engaged in any criminal activity?

A. She didn't but the woman was real upset.

Q. But she didn't say they were the ones that burglarized her son's house?

A. She thought there was a possibility they could have.

Q. But she didn't say that they had?

A. No, sir.

Q. Now you didn't say in your report that she said that she thought they were the ones, did you?

A. No, sir.

* * * * * *

Q. At the time you stopped the vehicle, you had absolutely no reason to believe that this vehicle was involved in a crime?

A. True.

Q. And at the time you stopped this vehicle, nobody in this vehicle was engaged in any criminal activity in your presence?

A. Yes, sir.

Q. And the vehicle that you stopped passed in front the Yosko's house, and did not engage in any criminal activity, according to the report?

A. Yes.

Q. So the action of the vehicle at all times were [sic] peaceful and law-abiding?

A. Yes, sir.

The record is void of any evidence, beyond conjecture, that appellant or the truck he was driving had been in any way involved in the burglary of Mrs. Yosko's son's home or any other burglary for that matter. The truck merely passed in front of Mrs. Yosko's house and turned down a country road and parked. No one left the vehicle.

Both Esparza and Ebrom admitted that the search of the occupants and the truck and the seizure of the contraband came about as a result of the stop. The officers had no knowledge or suspicion of the contraband prior to the stop.

By his second ground of error, appellant contends the trial court erred in refusing to suppress the fruits of the search of appellant's vehicle because the initial stop was

unlawful. We agree and reverse the judgment revoking the probation.

While circumstances falling short of probable cause to arrest may justify a brief investigatory detention by a police officer, such a detention must be supported by specific and articulable facts which, in light of the officer's experience and knowledge, together with rational inferences from those facts, would warrant the intrusion upon the person detained. *Comer v. State*, No. 265–84 (Tex.Crim.App., April 9, 1986) (not yet reported); *Glass v. State*, 681 S.W.2d 599, 601 (Tex.Crim.App.1984); *Johnson v. State*, 658 S.W.2d 623, 626 (Tex. Crim.App.1983). The occupant of an automobile is just as subject to a brief detention as a pedestrian. *Johnson*, 658 S.W.2d at 626. However, a detention based on a hunch or suspicion, even in good faith, is unlawful. *Glass*, 681 S.W.2d at 601; *McDougald v. State*, 547 S.W.2d 40, 42 (Tex.Crim. App.1977).

Probable cause to investigate exists only where the situation reasonably indicates that a particular person either has committed or is preparing to commit a crime. The officer must have a reasonable suspicion that some activity out of the ordinary is occurring or has occurred, some suggestion to connect the detained person with the unusual activity, and some indication that the activity is related to crime. *Comer v. State*, at 2; *Schwartz v. State*, 635 S.W.2d 545, 547 (Tex.Crim.App.1982). If the activity is as consistent with innocent activity as it is with criminal activity, a detention based on that activity is unlawful.

In the instant case, neither of the officers nor Mr. Yosko observed any activity on the part of appellant that could even remotely be considered criminal conduct. There was no evidence to support the suspicion that appellant or his vehicle was involved in any burglary. *See Leighton v. State*, 544 S.W.2d 394, 397 (Tex.Crim.App. 1976) (on motion for rehearing); *Garza v. State*, 678 S.W.2d 183, 188 (Tex.App.—San Antonio 1984, pet. granted).

The record in this case does not reveal specific, articulable facts to justify Officer Esparza's initial stop of appellant's vehicle. There is no evidence that the contraband would have been discovered in plain view regardless of appellant's detention. We hold that the initial stop was unlawful, and that the trial court erred in admitting any testimony regarding what the officers observed after appellant was detained. *Wong Sun v. United States*, 371 U.S. 471, 484, 488, 83 S.Ct. 407, 415–18, 9 L.Ed.2d 441 (1963); *McDougald*, 547 S.W.2d at 42.

We have considered appellant's other two grounds of error and they are overruled. The judgment revoking appellant's probation is reversed and the cause remanded.