**Eusebio ARIOLA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–86–267–CR.**

Court of Appeals of Texas, Corpus Christi.

Jan. 8, 1987.

Michael James Krueger, Kingsville, for appellant.

Grant Jones, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

OPINION

NYE, Chief Justice.

Appellant Eusebio Ariola was convicted of aggravated possession of marihuana. The evidence showed that appellant was driving a van in which about 420 pounds of marihuana had been concealed, when he was stopped by a Border Patrol agent who suspected appellant of transporting illegal aliens. The stop was made near a roadblock-type checkpoint on the open highway, inland from the border crossing. Appellant contends, by one point of error, that the

marihuana was seized in violation of U.S. Const. amend. IV, and should have been suppressed. We disagree and affirm.

Appellant assigns the denial of his motion to suppress as error under the fourth amendment only. For fourth amendment purposes, the United States Supreme Court has adopted the *Terry* standard of "reasonable suspicion" in roving Border Patrol stops, as opposed to routine stops at a border or its functional equivalent. *United States v. Brignoni-Ponce*, 422 U.S. 873, 881–84, 95 S.Ct. 2574, 2580–81, 45 L.Ed.2d 607 (1975); *see Almeida-Sanchez v. United States*, 413 U.S. 266, 273–74, 93 S.Ct. 2535, 2539–40, 37 L.Ed.2d 596 (1973); *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

The standard of review was summarized in *Shaffer v. State*, 562 S.W.2d 853, 855 (Tex.Crim.App.1978), as follows:

A police officer may briefly stop a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information. An occupant of an automobile is just as subject to a brief detention as is a pedestrian. *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). Circumstances short of probable cause for an arrest may justify temporary detention for the purpose of investigation since an investigation is considered to be a lesser intrusion upon the personal security of the individual. *Leighton v. State*, 544 S.W.2d 394 (Tex. Cr.App.1976). The totality of the circumstances surrounding the incident are looked to in determining whether the police conduct may be reasonable. *State v. Hocker*, 113 Ariz. 450, 556 P.2d 784 (1976). In order to justify the intrusion, the law enforcement officer must have specific articulable facts which, in light of his experience and personal knowledge, together with other inferences from those facts, would reasonably warrant the intrusion of the freedom of the citizen detained for further investigation. *U.S. v. Brignoni-Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). Thus, even in the absence of bad faith, detention based "on a mere hunch" is illegal. There must be a reasonable suspicion by the officer that some activity out of the ordinary is occurring or had occurred, some suggestion to connect the detained person with the unusual activity, and some indication that the activity is related to crime. Where the events are as consistent with innocent activity as with criminal activity, a detention based on those events is unlawful. *Irwin v. Superior Court of Los Angeles County*, 1 Cal.3d 423, 82 Cal.Rptr. 484, 462 P.2d 12 (1969).

■ In this case, John Conlin, the arresting Border Patrol agent, testified as follows. He drove south from Kingsville about 1:30 a.m., on his way to the Sarita checkpoint, a permanent Border Patrol facility for conducting routine checks for aliens.[1] Conlin was travelling on a four-lane highway, and at every turnaround, he stopped on the median and observed northbound traffic by illuminating the cars with his headlights. At one of these stops, Conlin observed a brown van which appeared to be "heavy-loaded." As it passed, the driver of the van appeared surprised to see him and nervous. The driver looked over, then quickly looked away "as if to ignore" him.

Conlin knew from nineteen years of experience with the Border Patrol that the hours of 11:00 p.m. to 2:00 a.m. were "prime time" for smuggling illegal aliens. He also knew that the Sarita checkpoint had been closed for one to two hours, and that scouts would alert smugglers to this fact. He also formed the opinion that the van was heavily loaded and that the driv-

---

1. As in *Brignoni-Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607, the stop in this case fell into the category of "roving" Border Patrol stops, as opposed to "routine" stops, where a checkpoint, or roadblock, is involved. Where "routine" stops are made, the checkpoint is the "functional equivalent" of a border, and vehicles may be stopped without probable cause and without suspicious circumstances. *See Almeida-Sanchez v. United States*, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973); *cf. Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979).

er's reaction to seeing him was not normal. Conlin decided to stop the van. When he stopped the van, he parked about ten feet behind it. Appellant Ariola immediately exited the driver's door and, in Conlin's opinion, tried to distance himself from the van. Conlin satisfied himself that Ariola was a United States citizen, then he shined his flashlight into the van through the driver's window. He saw two passengers and determined that they were both legally in the United States, but he did not see anything in the van that would have made the van appear to be riding heavy. Conlin walked around and opened the sliding door on the van to see if there were any more passengers. He could see neither baggage nor other passengers, but he noticed that the two passengers "seemed slightly nervous."

Conlin assessed the situation. He said, "I've got a van with three United States citizens in it, but I know there's still something wrong with it because of—just their nervousness." Conlin looked underneath the van and discovered a hidden compartment under a false floor. There he found the marihuana.

In *Brignoni-Ponce*, 422 U.S. at 884–85, 95 S.Ct. at 2581–82, the Supreme Court listed some of the myriad factors to consider in determining whether the Border Patrol agent justifiably detained a person. They include:

1. the area where the vehicle is encountered, such as proximity to the border, usual patterns of traffic on the road, and previous experience with "alien traffic";

2. information about recent illegal border crossings in the area;

3. the driver's behavior, such as erratic driving or obvious attempts to evade officers;

4. aspects of the vehicle, such as compartments hidden from open view, appearance of being heavily loaded, an extraordinary number of passengers, or persons trying to hide;

5. the appearance of the persons' national origins, such as mode of dress or haircut.

The court concluded, "In all situations the officer is entitled to assess the facts in light of his experience in detecting illegal entry and smuggling."

At the close of the evidence in the suppression hearing, the trial court overruled the defendant's suppression motions. The critical question in temporary detention cases is whether the detaining officer is acting on specific, articulable facts, together with inferences from those facts, and in light of his experience and knowledge, or whether he is acting on a mere suspicion or inarticulate hunch. *See Comer v. State*, No. 265–84 (Tex.Crim.App. April 9, 1986) (not yet reported); *Glass v. State*, 681 S.W.2d 599, 601 (Tex.Crim.App.1984); *Johnson v. State*, 658 S.W.2d 623, 626 (Tex.Crim.App.1983); *Hammond v. State*, 664 S.W.2d 838, 839 (Tex.App.—Corpus Christi 1984, no pet.).

Here, a nineteen-year veteran Border Patrol agent observed a heavy-riding van during the wee hours of the morning, which he knew from experience were the prime hours for smuggling illegal aliens. The veteran agent testified that the driver appeared nervous and surprised at seeing him. These were sufficient circumstances to justify the initial stop. Once the van was stopped, Officer Conlin observed that the driver and passengers were nervous and that there was nothing in the van that would make it appear "heavy loaded." All of these factors combined to justify the detention of the defendant and his subsequent arrest for possession of marihuana. *See Meeks v. State*, 653 S.W.2d 6, 12 (Tex.Crim.App.1983); *Ussery v. State*, 651 S.W.2d 767, 770 (Tex.Crim.App.1983); *see also United States v. Bugarin-Casas*, 484 F.2d 853, 854–55 (9th Cir.1973).

Appellant's sole point of error is overruled. The judgment of the trial court is AFFIRMED.

BENAVIDES, J., not participating.