Michael Lawrence WATSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–86–0834–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 4, 1987.

Rehearing Denied June 25, 1987.

George O. Jacobs, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Roe Morris, John Kyles, Harris County Asst. Dist. Attys., Houston, for state.

Before EVANS, C.J., and COHEN and HOYT, JJ.

OPINION

HOYT, Justice.

The appellant was charged in a two count indictment with the offenses of aggravated robbery and attempted capital murder; each count was enhanced by a prior felony conviction. He pled guilty to both counts and true to the enhancement allegations, and pursuant to a plea bargain agreement, punishment was assessed at 27 years in each case to run concurrently.

In a sole point of error, the appellant contends that there was no probable cause for his arrest and that his confession was inadmissible as the fruit of the illegal arrest. *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

Preliminarily, the appellant complains of the trial court's failure to file findings of fact and conclusions of law relative to his motion to suppress. He directs our attention to Tex.Code Crim.P.Ann. art. 38.22 (Vernon 1979) for the proposition that questions of voluntariness of a statement must be supported by findings of fact and conclusions of law when the statement is ruled admissible. In the instant case, however, voluntariness is not at issue; rather, the issue is whether the confession was tainted by an illegal arrest. We hold that the confession was not tainted because there was no illegal arrest.

On January 10, 1985, Officer R.C. Lanier, of the Hedwig Village Police Department, was dispatched to a Rice Food Market to investigate a "suspicious persons" call. It was reported that two black males, seen entering the market, were possible suspects in a previous robbery of the market. The caller was an employee of a cleaners located in the same shopping center, who had witnessed the earlier robbery. The caller had noticed that these suspects had parked their car in the same location as the two men who had earlier robbed the Rice Food Market, and that they resembled the robbers, in that, one was tall, dark, and had a beard; the other was shorter and had a lighter complexion.

When Officer Lanier arrived at the scene, he ran a computer check and determined that the car was rented. Approximately a minute later, the appellant and his companion walked out of the main entrance of the market and toward their car. Officer Lanier approached the appellant with his hand on his weapon and immediately patted the appellant down for weapons. When he felt a pistol handle near the appellant's waist, he arrested the appellant and gave him his Miranda warnings.

Shortly after being placed in a holding cell, the appellant asked to speak privately to Officer Walters and make a statement. Officer Walters reminded the appellant of his Miranda warnings. The appellant began to relate events that were pertinent to another case, and Officer Walter stopped taking the statement, again read him his Miranda warnings, and contacted Lieutenant Rush, who finished taking the appellant's statement concerning the unrelated offense.

■ In order to justify a warrantless arrest, the State must show the existence of probable cause at the time of the arrest and the existence of circumstances that made the procuring of a warrant impractical. *Reed v. State*, 522 S.W.2d 916 (Tex.Crim.App.1975). Probable cause to investigate exists where the situation reasonably indicates that a particular person either has committed or is preparing to commit a crime. *Munoz v. State*, 709 S.W.2d 34, 37 (Tex.App.—Corpus Christi 1986, no pet.). The officer must have specific articulable facts that, in light of his experience and personal knowledge, together with other inferences from those facts, would warrant the intrusion on the detainee. *Johnson v. State*, 658 S.W.2d 623 (Tex.Crim.App.1983). These specific articulable facts must create in the individual officer's mind a reasonable suspicion that some criminal activity has or is about to occur, some suggestion to connect the detained person with the unusual activity, and some indication the activity is related to crime. *Johnson*, 658 S.W.2d at 626.

■ In the instant case, there were specific, articulable facts to justify Officer Lanier's initial stop and detention of the appellant for investigative purposes. The men fit the descriptions of the two men who had previously robbed the same store, i.e., one of the suspects was described as tall with a dark complexion and beard, and the other was described as shorter with a light complexion. In addition to fitting the physical description of the robbers, the suspects appeared to use the same *modus operandi* as that used by the robbers in committing the armed robbery, i.e., the vehicle was parked in the same location, around the corner and out of sight of the market's entrance. Under these circumstances the officers were entitled, for their and other's protection, to conduct a limited "pat-down" search of the suspects' outer clothing. *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968).

■ Assuming *arguendo* that the appellant's arrest was illegal, no sixth amendment rights were violated in taking the appellant's confession to an unrelated crime. *Maine v. Moulton,* 474 U.S. 159, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985). To exclude evidence pertaining to charges as to which the sixth amendment right to counsel had not attached at the time the evidence was obtained, simply because other charges were pending at that time, would unnecessarily frustrate the public's interest in the investigation of criminal activities. Consequently, incriminating statements pertaining to pending charges are admissible at the trial of those charges, notwithstanding the fact that the police were also investigating other crimes. *Id.*

We conclude that the confession by the appellant to robbing a Handy Dan Store, at a time when he was under arrest for carrying a handgun, did not render the confession inadmissible in the Handy Dan case. Any taint that would prevent the admission of a confession in the hand-gun case would not extend to the robbery case. We overrule this point of error.

The judgment of the trial court is affirmed.