Justin VANNATTA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13-88-248-CR.

Court of Appeals of Texas, Corpus Christi.

June 29, 1989.

Joel B. Johnson, Sinton, for appellant.

Thomas L. Bridges, Sinton, for appellee.

Before DORSEY, UTTER and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

Appellant, Justin Vannatta, was indicted for possession of more than five pounds but less than fifty pounds of marihuana. By a motion to suppress, he challenged the legality of the search which led to the procurement of the narcotics. The trial court denied the motion after conducting a hearing. Appellant then pled nolo contendere pursuant to a plea bargain agreement, after which the trial court convicted him and assessed an eight-year probated sentence plus a $5,000.00 fine. We overrule appellant's point of error attacking the trial court's ruling on the motion to suppress and affirm the judgment.

On March 6, 1988, Department of Public Safety Highway Patrolman Danny Lorberau received a radio communication from his dispatcher, who informed him that an unidentified person had called in to report that a blue and silver Bronco displaying the license plate ZY709 was being driven along Interstate 37 by someone "either waving or shooting a gun" at him.

Officer Lorberau located a silver and blue Silverado pickup truck with a camper cover over the bed with license number ZY709. He followed it for approximately ½ mile, during which the driver of the truck did not violate any traffic regulations. The vehicle pulled over when the officer turned on his overhead emergency lights. Two local law enforcement vehicles and officers followed Lorberau and provided backup assistance. Lorberau stepped out of his police car and told appellant, the driver, to get out of the truck and to walk to its rear with his hands behind his head. The officer frisked appellant for weapons but found nothing. He then told the two other adult passengers, who were riding in the front seat, to step out of the vehicle. He frisked the male passenger and looked through the female passenger's purse but found no firearms. Officer Lorberau did not draw his weapon but the two local law enforcement officers had their pistols drawn and pointed at appellant and passengers.

Lorberau then began to search appellant's truck, referred to by Lorberau as a "frisk of the vehicle." He found a pistol magazine, or clip, in a pocket of the door panel on the passenger side. The magazine was not immediately visible in the door pocket, because elastic at the top of the pouch held it closed. Lorberau opened the panel and saw the magazine. He next reached under the seat and pulled out a plastic baggie containing marihuana. The officer then explained to appellant why he had been stopped, and asked him if he was in possession of a gun. Appellant responded that he had a gun inside a briefcase located behind the seat. Upon finding the weapon, Officer Lorberau placed appellant and the two adult passengers under arrest for possession of marihuana and illegally carrying a firearm. After appellant and the adult passengers had been taken to jail, Officer Lorberau, while unloading the rear of the pick up with the aid of two children riding in the camper, opened a suitcase from the truck and found a quantity of marihuana. The marihuana found in the suitcase was the basis of the prosecution and conviction. The officer testified that although appellant was not arrested until the first marihuana and pistol were found,

the appellant was not free to leave while the investigation and search were being conducted; that if he had attempted to leave, Lorberau would have stopped him.

The only issue raised at the trial court and on appeal is the propriety of the stop and search, or arrest, that led to the first discovery of marihuana and the pistol. The subsequent search of the suitcase and rear of the pickup is only challenged as being an unlawful fruit of the initial stop, search, and arrest.

Relying on authorities holding that an anonymous tip alone does not give rise to probable cause to arrest or search, appellant asserts by his sole point of error that the trial court erred in denying his motion to suppress since Lorberau did not have "sufficient probable cause to justify his initial stop and subsequent search of appellant's vehicle." *Truitt v. State*, 505 S.W.2d 594 (Tex.Crim.App.1974); *Glass v. State*, 681 S.W.2d 599 (Tex.Crim.App.1984).

### *The Stop*

■ Circumstances falling short of probable cause for an arrest may justify temporary detention for purposes of investigation. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Schwartz v. State*, 635 S.W.2d 545, 546 (Tex.Crim.App.1982). Thus, a showing of probable cause is not required to justify an investigative stop. *Wood v. State*, 515 S.W.2d 300, 306 (Tex.Crim.App.1974). The test for determining the legality of a stop is whether the officer is able to point to "specific articulable facts which, in light of his experience and personal knowledge, together with other inferences from those facts, would warrant the intrusion on the person stopped for further investigation." *Schwartz*, 635 S.W.2d at 547.

Texas courts have repeatedly held that an anonymous tip may provide sufficient justification for police officers to initiate an investigation. *Clemons v. State*, 605 S.W.2d 567, 571 (Tex.Crim.App.1980); *Mann v. State*, 525 S.W.2d 174, 176 (Tex. Crim.App.1975); *George v. State*, 509 S.W.2d 347, 348 (Tex.Crim.App.1974); *Ramirez v. State*, 658 S.W.2d 808, 810 (Tex. App.—Corpus Christi 1983), *aff'd*, 672 S.W.2d 480 (Tex.Crim.App.1984). In *Ramirez*, an unidentified passerby described the defendant and told a police officer that the man was in a bar with a pistol. The officer went in the bar, identified the suspect, asked him to step outside, frisked him, and found a pistol. The Court of Criminal Appeals held the actions of the officer to be a valid *Terry* stop, with the report of the offense and the description of the accused giving rise to a reasonable suspicion to justify the stop.

One case in which such an anonymous tip did *not* authorize a stop is *Glass v. State*, 681 S.W.2d 599 (Tex.Crim.App.1984). In *Glass*, a dispatcher of the Austin Police Department received a call from an anonymous person who stated that the drivers of a "brown over beige El Camino" and a "blue Fairlane" were shooting at each other near the intersection of Parker and Oltorf Streets. After stationing themselves at the reported intersection, police officers spotted a brown and beige El Camino. The officers stopped the vehicle and asked the driver to step out. A search of the passenger compartment revealed two pistols and a quantity of methamphetamine.

In holding that the investigative stop did not meet the standards set forth in *Terry v. Ohio*, the Court of Criminal Appeals stated:

> In this instance, the record does not reflect when the alleged incident occurred or when the anonymous report was received, and therefore does not show any proximity of time of the stop to the events held by the court of appeals to justify the stop of the vehicle appellant had been driving. *Without such proximity in time, it would not be reasonable to conclude, solely on the basis of the match of color and make of the car, that the car stopped was the car involved in the reported incident.* Thus, the record does not support a finding that the anonymous tip authorized the stop of the automobile driven by appellant. (emphasis added).

*Glass*, 681 S.W.2d at 601–02.

■ Here, as in *Glass*, there was no showing of the "proximity in time" be-

tween the reported sighting and the anonymous call. However, we find that the circumstances surrounding the instant case were sufficient to provide a reasonable basis for Officer Lorberau's conclusion that appellant's vehicle was the vehicle involved in the reported incident.

The caller stated someone driving a silver and blue Bronco with license number ZY709 was shooting at motorists; Lorberau sighted a silver and blue Chevy Silverado pickup, which he testified could easily have been mistaken for a Bronco, and which also bore the reported license number. Given the specificity of the caller's description of the color of the vehicle and license plate, Lorberau's suspicion that appellant's truck was the one sighted by the anonymous caller was warranted despite the lack of evidence concerning "proximity in time." The officer, after receiving the report over his radio, was therefore justified in hunting for and stopping a vehicle which matched the description given by the caller. *See Mann*, 525 S.W.2d at 176.

### *The Search of the Vehicle*

 Once a valid investigatory stop has been made, the officer is justified in conducting a limited search of the person of the suspect, such as a "frisk" or "pat down," for the protection of the officer while he conducts the investigation. *Wood*, 515 S.W.2d at 306. This limited search is for weapons and not for evidence of the crime. *Id.* This search may be extended beyond the suspect's person into areas that he may lunge or reach. Included in this limited area in which a search for weapons has been held to be permissible is the passenger compartment of an automobile. *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). That the suspect has left or been removed from the automobile is not controlling in determining the validity of the search of the vehicle for weapons.

 Here, Officer Lorberau had reason to believe appellant was armed and dangerous in light of the anonymous caller's statement that he had been seen waving or shooting a gun from his vehicle. *See Earls*

*v. State*, 668 S.W.2d 453, 454–55 (Tex.App. —Texarkana 1984, no pet.) (protective search of defendant's purse held proper where anonymous radio call reported defendant was in a bar with a gun). In the present case, the objective of the search of the cab of the truck was weapons. In such a scenario, it would be unreasonable to deny the officer the power to take necessary measures to determine whether the person was in fact carrying a weapon or could gain access to one after being released and allowed to re-enter his vehicle. *Terry*, 392 U.S. at 25–27, 88 S.Ct. at 1882–83; *Long*, 463 U.S. at 1052, 103 S.Ct. at 3482.

We further note that, in this particular case, which involves the brandishing of weapons along public highways, such precautions would be essential to protect not only the safety of the officer, but also the safety of the general public. *See Hoag v. State*, 728 S.W.2d 375, 380 (Tex.Crim.App. 1987) (holding that protective search warranted for safety of officer or the safety of others). It was therefore proper for Lorberau to search for a weapon under the passenger seat of appellant's truck. *See Long*, 463 U.S. at 1050, 103 S.Ct. at 3481 (protective search of passenger compartment in defendant's vehicle held proper where officers initially observed one weapon on floorboard and suspected defendant was carrying other weapons).

 Moreover, if while conducting a protective search of the interior of an automobile, the officer should, as here, discover contraband other than weapons, he cannot be required to ignore the contraband, and the Fourth Amendment does not require its suppression in such circumstances. *Long*, 463 U.S. at 1050, 103 S.Ct. at 3481. We overrule appellant's point of error.

The judgment of the trial court is AFFIRMED.