# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00109-CR

**Ronnie Melvin West, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT NO. 50990, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After the trial court overruled his pretrial motion to suppress evidence, appellant Ronnie Melvin West pleaded guilty and judicially confessed to driving while intoxicated, third offense. *See* Tex. Penal Code Ann. § 49.04 (West 2003), § 49.09(b) (West Supp. 2008). The court adjudged appellant guilty and assessed his punishment at ten years' imprisonment, but the court suspended imposition of sentence and placed appellant on community supervision. The only issue presented on appeal is whether the trial court erred by overruling the motion to suppress. We conclude that it did not, and we affirm the conviction.

Reserve Deputy Christopher Bolton testified that he and his partner, Deputy Howard Steinhour, were on patrol when they received a dispatch reporting a major accident on highway 195 near the Lampasas River bridge. A subsequent broadcast reported that one of the vehicles involved in the accident, described as a white Chevrolet pickup with a camper shell, had left the scene. Bolton

testified that he and Steinhour drove past the accident scene and continued south on 195. About one mile from the scene, they came upon a white Chevrolet pickup with a camper shell that was stopped at the side of the road. The left side of the pickup was damaged. A man, identified as appellant, was changing the left front tire of the pickup. The officers stopped their patrol car and spoke to appellant. Bolton testified that appellant's "speech was slurred and his balance was off like he was under the influence of alcohol or intoxicated." Appellant was unable to stand without Steinhour's assistance. The officers concluded that appellant was intoxicated and placed him under arrest. A rifle and two bottles of vodka were found inside appellant's pickup.

Appellant does not contend that the officers lacked probable cause to arrest him. Rather, he contends that he was unlawfully detained prior to his arrest because the officers did not have credible evidence that his vehicle was involved in the accident. This argument fails because there is no evidence that appellant was detained prior to his arrest.

Appellant was not stopped by the officers while driving his pickup truck.[1] Instead, the officers found appellant already stopped and changing a tire on his truck. A police officer does not need probable cause or reasonable suspicion to simply approach a person and ask questions. *See Florida v. Royer*, 460 U.S. 491, 497-98 (1983); *Johnson v. State*, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995); *Armstrong v. State*, 966 S.W.2d 150, 152 (Tex. App.—Austin 1998, no pet.). Under the circumstances shown, we find nothing unreasonable or unlawful in the officers' decision to investigate whether appellant was the person who left the scene of the accident.

---

[1] This fact distinguishes this cause from *Glass v. State*, 681 S.W.2d 599, 600 (Tex. Crim. App. 1984), on which appellant relies.

The judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed:   August 27, 2008

Do Not Publish