Affirmed and Majority and Concurring Opinions filed November 25, 2008








Affirmed
and Majority and Concurring Opinions filed November 25, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00474-CR

____________

 

CUONG QUOC LY, Appellant

 

V.

 

STATE OF TEXAS, Appellee

 



 

On Appeal from the 240th
District Court

Fort Bend County, Texas County, Texas

Trial Court Cause No. 44,907

 



 

C O N C U R R I N G   O P I N I O N

I concur with the majority opinion, but write separately to
note the limited probative value of nervousness as demonstrating a
consciousness of guilt.

The Court of Criminal Appeals has held that nervousness can
be exhibited by those persons with nothing to hide as well as those who are
guilt ridden.  The Court=s position, based on human behavior, was
articulated as follows: 








We believe that in this day and
time that when a citizen is suddenly facing an imminent confrontation with
police officers for unknown reasons, most citizens with nothing to hide will
nevertheless manifest an understandable nervousness in the presence of the
officer.  Not only the guilty, but the not guilty as well, will react much the
same as the outside passenger did in this instance . . . .  Thus, the
appearance of being nervous is as consistent with a person being guilty of
having committed or preparing to commit a criminal wrong as with a person not
being guilty of anything more than being in the wrong place at the wrong time.

Glass
v. State, 681 S. W. 2d. 599, 602 (Tex. Crim. App. 1984).

Indeed, the Amarillo Court of
Appeals has recently noted that a number of courts have observed that
nervousness is of minimal probative value, given that many, if not most, 
individuals can become nervous or agitated when detained by police officers.  Deschenes
v. State, 253 S.W.3d 374, 383 n.10 (Tex. App.CAmarillo 2008, pet. ref.) (citing Glass, 681
S.W.2d at 602).  The fact that Trooper Chacon noticed appellant was nervous
after his vehicle was stopped is not extraordinary.  Nervousness in the
presence of a police officer is neither a proxy for, nor a litmus test of
consciousness of guilt.  Therefore, it is illogical to conclude that
nervousness per se reflects a person=s consciousness of guilt.  Accordingly, this factor should
not be accorded any weight in the court=s analysis of appellant=s affirmative links to the contraband.

 

 

 

/s/      John S. Anderson

Justice

 

Judgment rendered
and Majority and Concurring Opinions filed November 25, 2008.

Panel consists of
Justices Anderson, Frost, and Hudson.[1]
(Hudson, J., Majority.)

Publish C Tex. R. App. P. 47.2(b).









[1]  Senior Justice Harvey Hudson sitting by assignment.