# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-11-00198-CR

**Kelley Michelle Hernandez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
### NO. CR22887, HONORABLE ED MAGRE, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Kelley Michelle Hernandez was charged with the felony offense of theft. *See* Tex. Penal Code Ann. § 31.03(a) (West 2011). She pleaded guilty to the offense in an open plea to the district court, where the court would determine whether the value of the property stolen made the offense a state-jail felony or a third-degree felony as alleged by the State. *See id*. § 31.03(e)(4) (offense is state-jail felony if value of property stolen is $1,500 or more but less than $20,000), (5) (offense is third-degree felony if value of property stolen is $20,000 or more but less than $100,000). Following a punishment hearing, the district court agreed with the State, finding Hernandez guilty of theft in an amount more than $20,000 but less than $100,000 and assessing punishment at five years' imprisonment. The district court then suspended imposition of the sentence and placed Hernandez on community supervision for a period of five years.

Hernandez's court-appointed attorney has filed a brief concluding that this appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738,

744 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75, 80 (1988); *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978); *Currie v. State,* 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553, 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Hernandez received a copy of counsel's brief and was advised of her right to examine the appellate record and to file a pro se brief.

Hernandez has filed a pro se brief asserting reasons why she does not believe the appeal to be frivolous. Generously construing the substance of the arguments raised in her brief, Hernandez challenges the sufficiency of the evidence supporting the district court's finding of guilt, claims that she was incompetent to stand trial, and contends that trial counsel was ineffective.

Before granting counsel's motion to withdraw in an *Anders* appeal, an appellate court must conduct "a full examination of all the proceeding[s] to decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744. "The terms 'wholly frivolous' and 'without merit' are often used interchangeably in the *Anders*-brief context." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10 (1988). "Whatever term is used to describe the conclusion . . . the court must reach before granting [counsel's] request [to withdraw], what is required is a determination that the appeal lacks any basis in law or fact." *Id*.

The court of criminal appeals has further explained the analytical procedure in *Anders* appeals as follows:

> When faced with an *Anders* brief and if a later pro se brief is filed, the court of appeals has two choices. It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error. Or, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues.

2

*Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (citing *Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991)). Although an appellate court is not required to do so, "when a court of appeals finds no issues of arguable merit in an *Anders* brief, it may explain why the issues have no arguable merit." *Garner v. State*, 300 S.W.3d 763, 764-67 (Tex. Crim. App. 2009); *see Bledsoe*, 178 S.W.3d at 827. In keeping with this Court's practice of addressing the pro se issues that have been raised, we will briefly explain why Hernandez's issues lack "arguable merit." *See Garner*, 300 S.W.3d at 767; *Bledsoe*, 178 S.W.3d at 826-27; *see also Nelson v. State*, No. 03-11-00022-CR, 2011 Tex. App. LEXIS 8999, at *4 (Tex. App.—Austin Nov. 9, 2011, no pet. h.) (mem. op., not designated for publication); *Pulliam v. State*, No. 03-10-00737-CR, 2011 Tex. App. LEXIS 6976, at *2 (Tex. App.—Austin Aug. 26, 2011, pet. filed) (mem. op., not designated for publication); *Diaz v. State*, No. 03-10-00267-CR, 2011 Tex. App. LEXIS 2667, at *4-6 (Tex. App.—Austin Apr. 7, 2011, pet. ref'd) (mem. op., not designated for publication).

In reviewing the sufficiency of the evidence, this Court considers all the evidence in the light most favorable to the judgment and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *see Hooper v. State*, 214 S.W.3d 9, 15 (Tex. Crim. App. 2007). If any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must uphold the finding of guilt. *See*

3

*McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997); *Cuong Quoc Ly v. State*, 273 S.W.3d 778, 781 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd).

As charged here, a person commits the offense of theft if she unlawfully appropriates property with intent to deprive the owner of property. Tex. Penal Code Ann. § 31.03(a). The offense is a felony of the third degree if the value of the property stolen is $20,000 or more but less than $100,000. *Id*. § 31.03(e)(5).

In this case, the district court heard testimony from two witnesses: Robert Reilly, the victim of the theft, and Hernandez. Reilly, an 80-year-old man, testified that he kept approximately $36,000 in cash in a "little night bag" in his bedroom that he had hidden under several quilts. In July 2010, Reilly noticed that the money in the bag was missing, along with an additional $1,200 that he kept hidden in his recliner. According to Reilly, Hernandez was one of three individuals who had a key to his apartment.[1] Reilly suspected Hernandez of the theft and confronted her about the missing money, but she denied taking it.

Hernandez, during her testimony, admitted stealing approximately $2,000 in cash from Reilly that she had found in his bedroom but denied stealing the remainder of the money. Hernandez testified that she had spent $500 of the money on rent and that the balance was spent on her "drug addiction." On cross-examination, Hernandez also admitted to stealing Reilly's watch on a prior occasion.

When the above evidence is viewed in the light most favorable to the judgment and with appropriate deference to the district court's credibility determinations, there is no basis in law

---

[1] The other two individuals were Reilly's daughter and Sue Riley, a woman who had assisted Reilly after he had broken his femur. Hernandez's relationship to Reilly is unclear from the record, although it appears that she may have also assisted Reilly in his day-to-day activities.

or fact for concluding that the evidence was insufficient to support the district court's finding of guilt. Accordingly, this issue lacks arguable merit.

We next address Hernandez's claim that she was incompetent to stand trial. A person is incompetent to stand trial if the person does not have sufficient present ability to consult with her lawyer with a reasonable degree of rational understanding or a rational as well as factual understanding of the proceedings against her. Tex. Code Crim. Proc. Ann. art. 46B.003(a) (West 2006). However, "[a] defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence." *Id*. art. 46B.003(b). A trial court must inquire into a defendant's mental competence once the issue is sufficiently raised. *See McDaniel v. State*, 98 S.W.3d 704, 709 (Tex. Crim. App. 2003). The initial inquiry is informal and is required when evidence suggesting incompetency comes to the trial court's attention and creates a bona fide doubt in the court's mind as to whether the defendant is incompetent. *See* Tex. Code Crim. Proc. Ann. art. 46B.004(b),(c); *Montoya v. State*, 291 S.W.3d 420, 425 (Tex. Crim. App. 2009). A bona fide doubt may exist if the defendant exhibits truly bizarre behavior or has a recent history of severe mental illness or at least moderate mental retardation. *Montoya*, 291 S.W.3d at 425. We are to review a trial court's decision on competence for an abuse of discretion. *Id*. at 426. "An appellate court does not substitute its judgment for that of the trial court, but rather determines whether the trial court's decision was arbitrary or unreasonable." *Id*.

We find nothing in the record that could raise a bona fide doubt as to Hernandez's competence. At one point during her testimony, Hernandez claimed that she was disabled. When asked to specify her disability, Hernandez testified, "I have post-traumatic stress disorder; I

5

have COPD; I have congestive heart failure. There's a number—I have like six disabilities on my paperwork." This was the extent of her testimony on her disabilities. Hernandez never elaborated on the nature or severity of her post-traumatic stress disorder or other disabilities, and there is nothing in the record to suggest that they rose to such a level as to render her unable to consult with her lawyer or understand the proceedings against her. We also observe that prior to accepting Hernandez's plea, the district court inquired into Hernandez's understanding of the proceedings against her. When the district court asked Hernandez if she understood the charges against her, the range of punishment she was facing, and the consequences of her pleading guilty to the offense, Hernandez answered in the affirmative to each question the district court asked. The district court then made the following findings:

> It appears to the Court that the Defendant is mentally competent; she's represented by competent counsel; she understands the nature of the charges pending against her; that she's been admonished by the Court regarding the minimum and maximum punishment provided by law; she understands those admonitions and is aware of the consequences of her plea. The waiver, stipulation and admission are found to be knowingly and voluntarily made and are admitted into evidence.

On the above record, there is no basis in law or fact for concluding that the district court abused its discretion in finding Hernandez competent to stand trial. Accordingly, this issue lacks arguable merit.

Finally, we address Hernandez's claim of ineffective assistance of counsel. To prevail on an ineffective-assistance-of-counsel claim, Hernandez must prove by a preponderance of the evidence that counsel was ineffective. *Perez v. State*, 310 S.W.3d 890, 892 (Tex. Crim. App. 2010) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). There are two required components of an ineffectiveness claim: performance and prejudice. *Id*. First, Hernandez must

6

prove that counsel's performance was deficient. *Strickland*, 466 U.S. at 687; *Perez*, 310 S.W.3d at 892. To satisfy this prong of the analysis, Hernandez "must show that counsel's representation fell below an objective standard of reasonableness" based upon "prevailing professional norms." *Strickland*, 466 U.S. at 688; *Perez*, 310 S.W.3d at 893. For this performance inquiry we consider all of the circumstances, with "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 688-89; *Perez*, 310 S.W.3d at 893.

"Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. To succeed under the prejudice component, Hernandez "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693. Rather, she must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695. "In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id*. "[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Id*. at 696.

A *Strickland* claim must be "firmly founded in the record" and the "record must affirmatively demonstrate" the meritorious nature of the claim. *Thompson v. State*, 9 S.W.3d 808,

813 (Tex. Crim. App. 1999). For this reason, direct appeal is usually an inadequate vehicle for raising ineffective assistance claims. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). "This is true with regard to the question of deficient performance—in which counsel's conduct is reviewed with great deference, without the distorting effects of hindsight—where counsel's reasons for failing to do something do not appear in the record." *Id.* Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Id.* "Absent such an opportunity, an appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

In her brief, Hernandez claims that counsel was ineffective by (1) failing to raise the issue of her competence to stand trial; (2) failing to call a potential alibi witness, Gloria Olivarez, whom Hernandez claimed was with her in a different city on the day the theft allegedly occurred; and (3) failing to inform the trial court that she wanted a jury trial. None of these claims are firmly founded in the record. We have already explained how nothing in the record raises a bona fide doubt as to Hernandez's competence to stand trial. Thus, we could not find counsel deficient for declining to raise this issue. As for the potential alibi witness, there is nothing in the record showing whether the witness would have been available to testify, and if so, whether her testimony would have been favorable to Hernandez. Thus, we could not conclude that there was a reasonable probability that, but for counsel failing to call the witness, the result of the proceeding would have been different. *See Perez v. State*, 310 S.W.3d 890, 894-95 (Tex. Crim. App. 2010) (explaining that, for ineffective assistance purposes, failure to call witness is irrelevant absent showing that such witness was available and the appellant would benefit from witness's testimony). Finally, there is nothing in the

8

record demonstrating that Hernandez informed counsel that she wanted a jury trial or that counsel neglected to inform the district court of any such request. Therefore, we would be unable to find counsel ineffective on that ground.

On the limited record before us, there is no basis in law or fact for concluding on direct appeal that counsel rendered ineffective assistance. Accordingly, this issue lacks arguable merit.

Having reviewed the record, counsel's brief, and Hernandez's pro se brief, we agree with counsel that the appeal is wholly frivolous. *See Garner*, 300 S.W.3d at 766; *Bledsoe*, 178 S.W.3d at 826-27. Counsel's motion to withdraw is granted.

We affirm the judgment of conviction.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed

Filed: December 14, 2011

Do Not Publish

9