**CUONG QUOC LY, Appellant**

v.

**STATE of Texas, Appellee.**

**No. 14–07–00474–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 25, 2008.

---

Allen C. Isbell, Houston, for Appellant.

Rodolf Ramirez, Richmond, for State.

Panel consists of Justices ANDERSON and FROST, and Senior Justice HUDSON.*

---

* Senior Justice J. Harvey Hudson sitting by assignment.

## MAJORITY OPINION

J. HARVEY HUDSON, Senior Justice.

Appellant, Cuong Ly, was charged by indictment with possession of cocaine weighing more than four grams and less than 200 grams with intent to deliver.[1] After considering the evidence, the jury found appellant guilty as charged in the indictment. The jury assessed appellant's punishment at confinement in the state penitentiary for a term of 42 years. Appellant presents three issues on appeal: (1) the evidence is legally insufficient to prove he possessed the cocaine; (2) the evidence is factually insufficient to prove he possessed the cocaine; and (3) the evidence is factually insufficient to prove he possessed the cocaine with an intent to deliver. We affirm.

## BACKGROUND

On July 4, 2006, Trooper Chacon of the Texas Department of Public Safety ("DPS") highway patrol stopped a white Chevrolet pickup for traveling at an excessive rate of speed and following another vehicle too closely as it exited the Westpark Tollway. It was raining and the roads were wet. After Chacon turned on his lights signaling the driver of the vehicle to stop, the vehicle moved into the right lane, but it continued a short distance before stopping. Chacon identified appellant as the driver and sole occupant of the vehicle. Chacon asked appellant to exit the vehicle. Trooper Chacon did not detect an odor indicating alcohol or narcotics, but he did notice appellant's eyes were red and glassy, and he was very nervous. These traits led Chacon to believe appellant was under the influence of alcohol or drugs. When questioned about the presence of any alcohol, drugs, or weapons in the vehicle, appellant denied the presence of those items. Upon visual inspection of the passenger compartment, Chacon discovered a half-full bottle of vodka in the center console cup holder. Using field sobriety tests, Chacon determined appellant was not under the influence of alcohol. Chacon planned to issue appellant a citation for the open container until Deputy Trevino of the Fort Bend County Sheriff's Department and Trooper Glen Welters with the DPS highway patrol arrived. At that time, the officers searched appellant's person and the vehicle.

The officers began by searching appellant's person. An empty clear plastic sandwich bag was found in the front pocket of appellant's pants. Appellant explained that he had the bag in his pocket because he had eaten a sandwich earlier that day. The bag did not appear to contain any crumbs or other evidence that it had held a sandwich. Chacon testified at the trial that such bags are sometimes used to carry narcotics.

As Chacon searched the vehicle, appellant told Trevino there was a gun in the vehicle. Chacon located a loaded gun between the driver's seat and the center console. After finding the gun, Chacon again asked about the presence of any weapons or narcotics in the vehicle. Appellant stated that no such items were contained in the vehicle. While searching under the cup holders in the center console, the officers discovered a bag that appeared to contain cocaine and an item wrapped in a paper towel that appeared to be crack cocaine. The two items were sent to the DPS narcotics lab where they were identified as approximately 17.44 grams of cocaine. Lieutenant Rodney Glendening of the Fort Bend County Narcotics Task Force testified as an expert that the amount of cocaine found in the vehicle indicated it was for delivery rather than personal use.

1. TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon 2003 & Supp.2008).

## LEGAL SUFFICIENCY

■ In appellant's first issue, he contends the evidence is legally insufficient to support the conviction because the evidence presented at trial failed to show he knowingly possessed the cocaine. Appellant's wife testified at trial that she believed the cocaine may have belonged to a known drug user employed by appellant who often drove the pickup. Thus, appellant contends his "mere presence" in the vehicle is insufficient to sustain a conviction for possession and the evidence adduced at trial is legally insufficient to support the jury's finding.

### A. Standard of Review

In assessing the legal sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Threadgill v. State*, 146 S.W.3d 654, 663 (Tex.Crim.App.2004) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). "The *Jackson* standard of review gives full play to the jury's responsibility fairly to resolve conflicts in the evidence, to weigh the evidence, and to draw reasonable inferences from the evidence." *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 441 (Tex.Crim.App. 2001) (internal quotation marks omitted)). The jury is the exclusive judge of the credibility of witnesses and of the weight to be given testimony, and it is also the exclusive province of the jury to reconcile conflicts in the evidence. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex.Crim.App. 2000). When faced with conflicting evidence, we presume that the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex.Crim.App.1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm.

*McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim.App.1997).

### B. Possession of a Controlled Substance

■ To establish unlawful possession of a controlled substance, the State must prove: (1) appellant exercised control, management, or care over the substance; and (2) appellant knew the substance possessed was contraband. *Evans v. State*, 202 S.W.3d 158, 161 (Tex.Crim.App.2006). Whether the evidence is direct or circumstantial, it must establish that appellant's connection with the contraband was more than fortuitous. *Id.* The "affirmative links" rule protects an innocent bystander from conviction merely because of his fortuitous proximity to someone else's drugs. *Id.* at 161–62. When the accused is not in exclusive possession of the place where contraband is found, the State must show additional affirmative links between the accused and the contraband. *Olivarez v. State*, 171 S.W.3d 283, 291 (Tex.App.-Houston [14th Dist.] 2005, no pet.). In deciding whether the evidence is sufficient to link the accused to the contraband, the trier of fact is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony. *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex.Crim. App.2005).

■ The following list of relevant factors may affirmatively link an accused to contraband:

(1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7)

whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Olivarez v. State*, 171 S.W.3d 283, 291 (Tex.App.-Houston [14th Dist.] 2005, no pet.) (citing *Washington v. State*, 902 S.W.2d 649, 652 (Tex.App.-Houston [14th Dist.] 1995, pet. ref'd); *Chavez v. State*, 769 S.W.2d 284, 288–89 (Tex.App.-Houston [1st Dist.] 1989, pet. ref'd)). We focus not on the number of linking factors present but, rather, the "logical force" they create to prove the crime was committed. *Gilbert v. State*, 874 S.W.2d 290, 298 (Tex. App.-Houston [1st Dist.] 1994, pet. ref'd) (citing *Whitworth v. State*, 808 S.W.2d 566, 569 (Tex.App.-Austin 1991, pet. ref'd)).

## C. Application to Facts

Here, appellant was in possession and control of the pickup truck, and the sole occupant of the vehicle when he was stopped by police. Appellant also produced proof of insurance for the vehicle. Further, appellant's wife testified at trial that she and her husband owned the pickup truck and used it for business purposes. Therefore, appellant was affirmatively linked to the vehicle despite the fact that other individuals may have had the right to use the vehicle.

In addition to appellant's control over the vehicle, there are several other factors that affirmatively link appellant to the cocaine found therein, including: (1) appellant's presence when the vehicle was searched; (2) the cocaine was accessible to appellant because it was located in the center console next to the driver's seat; (3) the officers on the scene testified that appellant appeared to be under the influence of narcotics; (4) appellant had a clear plastic bag in his front pocket, which the officers recognized as an item often used to carry narcotics; (5) appellant took longer than expected to stop his vehicle after Officer Chacon initiated the traffic stop; (6) the center console where the drugs were found was an enclosed space; and (7) appellant's conduct, including "very nervous" behavior and lying about the presence of a gun and alcohol in the vehicle, demonstrated a consciousness of guilt. *See Olivarez*, 171 S.W.3d at 291–92.

We hold a reasonable jury could conclude from the evidence presented here that appellant knowingly exercised possession and control over the cocaine. Accordingly, the evidence is legally sufficient to support the verdict. We overrule appellant's first issue.

## FACTUAL SUFFICIENCY

### A. Standard of Review

Appellant also argues that the evidence is factually insufficient to prove he (1) possessed the cocaine and (2) possessed it with the intent to deliver. We disagree.

In conducting a factual sufficiency review, we view the evidence in a neutral light and will set aside the verdict only if the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App.1997). A clearly wrong and unjust verdict occurs where the finding is "manifestly unjust," "shocks the conscience," or "clearly demonstrates bias." *Prible v. State*, 175 S.W.3d 724, 731 (Tex.Crim.App.2005). We must employ appropriate deference so that we do not substitute our judgment for that

of the fact finder. *Jones v. State,* 944 S.W.2d 642, 648 (Tex.Crim.App.1996). Thus, we do not engage in a second evaluation of the weight and credibility of the evidence, but only ensure that the trier of fact reached a rational decision. *Muniz v. State,* 851 S.W.2d 238, 246 (Tex.Crim.App. 1993).

There are two ways in which the evidence may be insufficient. *Harris v. State,* 164 S.W.3d 775, 784 (Tex.App.-Houston [14th Dist.] 2005, pet. ref'd). First, when considered by itself, evidence supporting the verdict may be too weak to support the finding of guilt beyond a reasonable doubt. *Id.* Second, there may be evidence both supporting, and contrary to, the verdict. *Id.* Weighing all the evidence under this balancing scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met such that the guilty verdict cannot stand. *Id.* If there is evidence that establishes guilt beyond a reasonable doubt which the trier of fact believes, the judgment cannot be reversed on sufficiency of the evidence grounds. *Wicker v. State,* 667 S.W.2d 137, 143 (Tex. Crim.App.1984). Our analysis considers the evidence cited by appellant as most important in allegedly undermining the verdict. *Sims v. State,* 99 S.W.3d 600, 603 (Tex.Crim.App.2003).

**B. Application to Facts**

First, appellant argues that the verdict is undermined by the absence of additional possible "affirmative links" showing that appellant knowingly possessed the cocaine. Specifically, he argues that he was not arrested in an area known for drug activity. He further stresses that he was not found with any of the following: a beeper or cell phone, a large amount of cash, or any contraband or drug paraphernalia on his person. Additionally, appellant points out that the officers did not detect an odor on appellant's person or clothing indicative of drug use. He claims he did not attempt to flee and that he did not make any "furtive moves" when he was stopped by Trooper Chacon. Appellant also asserts that he did not make any incriminating statements regarding the cocaine. Finally, appellant alleges that the cocaine was not packaged in a manner indicating an intent to sell.

The trier of fact is the sole judge of the credibility of the witnesses and is free to believe or disbelieve all, part, or none of any witness' testimony. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986). A decision is not manifestly unjust merely because the trier of fact resolved conflicting views of the evidence in favor of the State. *Cain,* 958 S.W.2d at 410. The jury presumably weighed the evidence, credibility assessments, and alternative explanations and concluded that the appellant knowingly possessed the cocaine. *Evans,* 202 S.W.3d at 164. Juries trump both trial and appellate judges on weight-of-evidence determinations. *Id.*

The fact that appellant does not fit every one of the "affirmative links" factors does not render his conviction devoid of factually sufficient evidence. As previously discussed, Officer Chacon testified he believed appellant was under the influence of narcotics. He also testified that he was unable to detect an odor on the appellant due to the rain. However, he observed appellant engage in conduct indicating a consciousness of guilt, such as his "very nervous" behavior and lying about the presence of a weapon and alcohol in the vehicle. Thus, it is reasonable the jury determined appellant also lied to the officers about the presence of narcotics in the vehicle. We presume the jury believed the testimony of Officer Chacon and disbelieved all or part of the defense witnesses' testimony. Therefore, we find the evi-

dence factually sufficient to prove appellant knowingly possessed the cocaine.

Second, appellant contends the evidence is factually insufficient to prove that he possessed the cocaine with an intent to deliver. Appellant argues that he was found in possession of a relatively small amount of cocaine. He suggests that 17.44 grams of cocaine is not enough to eliminate the possibility that it was for his personal use. Appellant also asks that we discount, as non-probative, Lieutenant Glendening's expert testimony that the amount of cocaine found in appellant's possession indicates an intent to deliver. He attempts to discredit Lieutenant Glendening's testimony by comparing it to expert testimony offered by another officer in *Branch v. State*, 833 S.W.2d 242, 244–45 (Tex.App.-Dallas 1992, pet. ref'd). In that case, the defendant was found in possession of seventeen small bags, each containing narcotics. The officer testified that the separation of the cocaine into smaller bags was one factor indicating an intent to deliver. *Id.* at 245. He stated that a person addicted to cocaine would be more likely to buy one large amount of cocaine rather than several small packets in order to get a better price. *Id.*

Relying on *Branch*, appellant argues that the jury should not have reached the conclusion that he possessed the cocaine with intent to deliver because all of the cocaine was contained in one bag rather than divided into several smaller bags. During his closing argument, appellant's attorney presented this contention to the jury, affording them the opportunity to consider it. We presume the jury weighed the testimony in support of finding appellant possessed the cocaine with intent to deliver against any evidence contrary to that finding when it reached its determination. We may not intrude upon the jury's role as the sole judge of the weight and credibility of the witnesses. *Santellan v.*

*State*, 939 S.W.2d 155, 164 (Tex.Crim.App. 1997). Moreover, the jury's finding in this regard is not clearly wrong and unjust; neither does it shock the conscience of this court. Thus, we find the evidence factually sufficient to support the conviction of possession with intent to deliver. Accordingly, appellant's second and third issues are overruled.

## CONCLUSION

We find that the evidence is legally and factually sufficient to support the conviction for possession of cocaine with intent to deliver. The judgment of the trial court is affirmed.

ANDERSON, J., concurs.

## CONCURRING OPINION

JOHN S. ANDERSON, Justice.

I concur with the majority opinion, but write separately to note the limited probative value of nervousness as demonstrating a consciousness of guilt.

The Court of Criminal Appeals has held that nervousness can be exhibited by those persons with nothing to hide as well as those who are guilt ridden. The Court's position, based on human behavior, was articulated as follows:

> We believe that in this day and time that when a citizen is suddenly facing an imminent confrontation with police officers for unknown reasons, most citizens with nothing to hide will nevertheless manifest an understandable nervousness in the presence of the officer. Not only the guilty, but the not guilty as well, will react much the same as the outside passenger did in this instance .... Thus, the appearance of being nervous is as consistent with a person being guilty of having committed or preparing to commit a criminal wrong as with a person

not being guilty of anything more than being in the wrong place at the wrong time.

*Glass v. State,* 681 S.W.2d 599, 602 (Tex. Crim.App.1984).

Indeed, the Amarillo Court of Appeals has recently noted that a number of courts have observed that nervousness is of minimal probative value, given that many, if not most, individuals can become nervous or agitated when detained by police officers. *Deschenes v. State,* 253 S.W.3d 374, 383 n. 10 (Tex.App.-Amarillo 2008, pet. ref.) (citing *Glass,* 681 S.W.2d at 602). The fact that Trooper Chacon noticed appellant was nervous after his vehicle was stopped is not extraordinary. Nervousness in the presence of a police officer is neither a proxy for, nor a litmus test of consciousness of guilt. Therefore, it is illogical to conclude that nervousness per se reflects a person's consciousness of guilt. Accordingly, this factor should not be accorded any weight in the court's analysis of appellant's affirmative links to the contraband.