**Affirmed as Reformed and Memorandum Opinion filed July 30, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00353-CR

---

### ANDREW DEMOND HAYNES, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1411654**

---

## M E M O R A N D U M   O P I N I O N

Appellant, Andrew Demond Haynes, was charged by indictment with possession of cocaine weighing more than four grams and less than 200 grams with the intent to deliver. A jury convicted appellant of the lesser included offense of possession of cocaine weighing more than four grams and less than 200 grams, and the trial court sentenced him to thirty years' confinement in the Texas Department of Criminal Justice. In two issues, appellant contends the evidence is insufficient to support his conviction. We reform the judgment to reflect that appellant was

convicted of possession of more than four grams but less than 200 grams of cocaine. As reformed, we affirm.

## I. BACKGROUND

The narcotics division of the Houston Police Department conducted a surveillance of a house in Harris County and observed approximately twenty people arriving at the house walking, driving or biking, remaining at the house one to two minutes and then leaving the house; a police officer testified this activity was consistent with narcotics trafficking. After observing the individuals' actions, the officer used a "paid snitch" to purchase narcotics in the house. The officer obtained a "no-knock" search warrant to enter the house, and utilized the assistance of S.W.A.T. officers to enter the premises.

The officers found appellant sitting on a couch. He appeared to have been lying on the couch prior to the officers' entry. He was screaming and appeared to have been startled when the officers entered the house. Appellant matched the description of the suspect whom the officers had been observing. The narcotics officer located crack cocaine and two baggies of powder cocaine on the coffee table in front of appellant, and he found a baggie of powder cocaine on a bar area next to some ammunition. A gun was located on the back of the couch where appellant was sitting; it was loaded with a full clip and a second clip was recovered. The gun was determined to be stolen. The police also found a birth certificate in appellant's name.

When the S.W.A.T. team leader entered, he heard a small child screaming and trying to crawl from one end of the couch to the other toward appellant. On the coffee table in front of appellant was a cell phone, along with a baggie which included crack cocaine. Pills were found on the floor in a bottle, later determined to be hydrocodone, and which were not prescribed to appellant. The home

2

appeared to be a "flop house," was without utilities, in "terrible" condition and "not livable." The front door had a lock and plywood covered the rear entrance of the house.

Appellant was indicted on the felony charge of possession of cocaine weighing more than four grams and less than 200 grams with the intent to deliver. The indictment included two enhancement paragraphs. At trial, appellant cross-examined the State's witnesses, but did not present evidence in his defense. The jury found appellant guilty of the lesser included offense of possession of cocaine weighing more than four grams and less than 200 grams, and the trial court sentenced him to thirty years' confinement in the Texas Department of Criminal Justice.

## II. ANALYSIS

In two issues, appellant contends the evidence is legally insufficient to support his conviction.

### A.    Standard of review

When reviewing sufficiency of the evidence, we view all evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011). We do not sit as the thirteenth juror and may not substitute our judgment for that of the fact finder by re-evaluating weight and credibility of evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We defer to the jury's responsibility to fairly resolve conflicts in testimony, weigh the evidence, and draw all reasonable inferences from basic facts to ultimate facts. *Id.* Our duty as the reviewing court is to ensure the evidence presented

3

actually supports a conclusion that the defendant committed the crime. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

### B. Sufficiency of evidence

As charged in the present case, to prove a defendant unlawfully possessed a controlled substance, the State must demonstrate that the accused (1) exercised care, control, or management over the substance and (2) knew what he possessed was contraband. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006). The State must establish by way of direct or circumstantial evidence that the appellant's connection with the contraband was more than fortuitous. *Id*.

In cases where the accused is not in the exclusive possession of the place the contraband is found, the State must show additional "affirmative links" between the accused and the contraband. *Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.). This "affirmative links" rule protects an innocent bystander from conviction simply because he was in proximity to substances possessed by another. *Evans*, 202 S.W.3d at 161–62. The following relevant factors may affirmatively link an accused to the contraband:

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Olivarez*, 171 S.W.3d at 291 (citing *Washington v. State*, 902 S.W.2d 649, 652 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd)).

We view each case on a fact-specific basis. *See Burrell v. State*, 445 S.W.3d 761, 765 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) (citing *Roberson v. State*, 80 S.W.3d 730, 736 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd)). "It is not the number of links that is dispositive, but rather, the logical force of all the evidence, both direct and circumstantial." *Id*. (citing *Evans*, 202 S.W.3d at 162).

In his first issue, appellant contends that there was no evidence of several of the "affirmative links" because appellant did not appear to be under the influence of narcotics, he made no furtive gestures, there was no odor of narcotics, no drug paraphernalia was found (other than the digital scale), no large amount of cash was in the house, and there was no conduct indicating appellant's consciousness of guilt.

The record reflects that at the time law enforcement entered the home, appellant appeared to have been lying on the couch with a two-year-old child located next to him. Crack cocaine and powder cocaine were found, as well as, hydrocodone prescription pills, which were not prescribed to appellant, were found. Specifically, 37.3 grams and 1.7 grams of powder cocaine were located on the coffee table in front of appellant. In other parts of the home, various clear plastic bags with white substances were found. Those baggies were tested and determined to be cocaine. A digital scale was present, which law enforcement testified is commonly used to weigh the cocaine. As noted above, there was a handgun present on the couch, with live rounds also on the couch next to the appellant, and appellant's birth certificate was found inside the home.

When viewed in the light most favorable to the verdict, we hold that a rational jury could connect appellant with the cocaine and conclude that he was

guilty beyond a reasonable doubt of the essential elements of the offense of possession of cocaine. *See Cuong Quoc Ly v. State*, 273 S.W.3d 778, 781–82 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (concluding evidence was sufficient where contraband was found in defendant's truck and accessible to him); *Hyett v. State*, 58 S.W.3d 826, 832 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (holding evidence was sufficient to support conviction where affirmative links established control over the contraband). We overrule appellant's first issue.

## C.    Knowledge of amount of cocaine

In his second issue, appellant contends that the evidence is insufficient to support his conviction because the State did not prove that he knowingly possessed the actual amount of cocaine alleged in the indictment.

A person commits the offense of unlawful possession of a controlled substance where the State proves beyond a reasonable doubt that the defendant "knowingly or intentionally possesses a controlled substance listed in Penalty Group 1 . . . ." *See* Tex. Health & Safety Code Ann. § 481.115(a) (West, Westlaw through 2015 R.S.); *see also Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). "Possession" is defined as "actual care, custody, control, or management. *See* Tex. Health & Safety Code Ann. § 481.002(38) (West, Westlaw through 2015 R.S.).

Appellant contends that because the jury returned a verdict for the lesser offense of possession without intent to deliver, the evidence must be sufficient to prove his knowledge of the specific amount of cocaine he was charged with possessing. Section 481.115(a) does not require that the State prove he knew the specific amount of cocaine in order to obtain a conviction. *See* Tex. Health & Safety Code Ann. § 481.115(a). Rather, a defendant may be convicted of the "offense" if he knowingly or intentionally possesses a controlled substance. The

6

specific amounts set forth in subsections (b) through (d) come into play when determining the degree of the felony charge.[1] Section 481.115(d) refers to Section 481.115(a), providing that a person commits an offense if he knowingly or intentionally possesses a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.115(d) (West, Westlaw through 2015 R.S.). There is nothing in the statute requiring proof of the defendant's knowledge of the amount of cocaine which he is charged with possessing. *See id*. Appellant has not cited any Texas case requiring this additional element of proof and we have found none.

Relying on *United States v. Gamez-Gonzalez*, 319 F.3d 695, 697 (5th Cir. 2003), *cert. denied*, 538 U.S. 1068 (2003), and acknowledging that drug quantity was not an element of the federal drug violation at issue,[2] appellant also asserts that because the offense of possession includes knowledge, then under Texas law, "knowledge" extends to the issue of quantity. In *Gamez-Gonzalez*, the Fifth Circuit determined that knowledge of the quantity of the controlled substance was a factor to be proved only because quantity related to an increase in the defendant's sentence. The court held that, in order to obtain a conviction, the proof required was proof of an amount within the limit set forth in the statute, but not proof that the defendant had specific knowledge of the amount. *See Gamez-Gonzalez*, 319 F.3d at 699–700 (concluding that knowledge of a specific amount related solely to

---

[1] "An offense under Subsection (a) is a state jail felony if the amount of the controlled substance possessed is, by aggregate weight, including adulterants or dilutants, less than one gram. (c) An offense under Subsection (a) is a felony of the third degree if the amount of the controlled substance possessed is, by aggregate weight, including adulterants or dilutants, one gram or more but less than four grams. (d) An offense under Subsection (a) is a felony of the second degree if the amount of the controlled substance possessed is, by aggregate weight, including adulterants or dilutants, four grams or more but less than 200 grams. *See* Tex. Health & Safety Code Ann. § 481.115(b), (c), (d) (West, Westlaw through 2015 R.S.).

[2] 21 U.S.C.A. § 841(a) provides "[i]t shall be unlawful for any person knowingly or intentionally (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." *See* 21 U.S.C.A. § 841(a) (West 2010).

7

range of punishment). The Fifth Circuit also explained that five other federal circuit courts had considered claims similar to appellant's and rejected them. *See id*. Therefore, because the *Gamez-Gonzalez* court looked to the defendant's knowledge of the quantity for purposes of an increase in his sentence, we conclude that appellant's reliance on *Gamez-Gonzalez* is misplaced.

In sum, as set forth above, we conclude the evidence is sufficient to support the conviction and there is no additional burden imposed on the State to prove appellant's knowledge of the specific amount of cocaine in appellant's possession. We overrule appellant's second issue.

Finally, we note that the judgment contains a clerical error as it reflects that appellant was convicted of possession with intent to deliver cocaine of greater than four but less than 200 grams. However, the clerk's record reflects that appellant was convicted of possession of more than four grams but less than 200 grams of cocaine. Accordingly, we reform the trial court's judgment to reflect that appellant was convicted of possession of more than four grams and less than 200 grams of cocaine. *See Hardin v. State*, 951 S.W.2d 208, 212 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (holding that judgment should be reformed to be consistent with jury's verdict). As reformed, the judgment is affirmed.

/s/     John Donovan
        Justice


Panel consists of Justices Boyce, McCally, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).