Nos. 01-14-00513-CR and 01-14-00514-CR

**487-15**

**488-15**

IN the
Court of Criminal Appeal
At Austin

ORIGINAL

Nos. 1330898 & 1330899

In the 351st District Court
of Harris County, Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 17 2015

Abel Acosta, Clerk

AARON CHARLES BURTON
Appellant

V

THE STATE OF TEXAS
Appellee

Petition for Discretionary Review



Aaron Charles Burton
Appellant pro se Petition

# TABLE OF CONTENTS

INDEX OF AUTHORITIES i

STATEMENT RE: ORAL ARGUMENT ii

SUMMARY OF ARGUMENT ii

STATEMENT OF THE CASE iii

STATEMENT OF PROCEDURAL HISTORY iv

GROUNDS FOR REVIEW v

PRAYER FOR RELIEF x

APPENDIX xi

## Appellant's Grounds For Review

The evidence was leaglly insufficient to sustain the Evading Arrest in a Motor Vehicle. due to the lack of prior discription and lack of evidence of the Appellant being detain at all. The evidence was legally insufficient to sustain the Possession of Drugs conviction, due to the Absence of links to show that the Appellant had knowingly possesion of the Phencyclidine Controlled Substance. The State witness gave false testimony for probable cause the was therefore factually insufficient to sustain the two convictions of Evading Arrest in a Motor Vehicle And the Possession of a Controlled Substance, the jury's verdicts was so against the greater weight and preponderance of the evidence As to be Manifestly unjust.

The cause should be Reversed and Remanded for a New trial, or Acquittal ordered due to the facts that has been presented to the Court of Criminal Appeals.

# INDEX OF AURTHORITIES

BURKHOLDER V. STATE 660 S.W 2D 540 (Tex. Crimm. App. 1983)    ix

DELK V. STATE 855 S.W 2D at 706 (Tex. Crimm. App. 1993)    vii

IN RE WINSHIP 397 U.S 358, 90 S Ct 1068 25 LED 2D 368 (1970)    v

JACKSON V. VIGINIA 443 U.S. 307, 99 S. S.Ct 2781 61 LED 2D 560 (1979    viii

LOSERTH V. STATE 963 S.W. 2D 770, 772 (Tex. Crimm. Proc 1998)    vi

MADDEN V. STATE 799 S.W.2D at 695 (Tex. CR. App. 1990)    vii

MAPP V. OHIO    viii

MULLANEY V. WILBUR 421 U.S. 684 95 S. Ct 1881 44 LED 2D 508 (1975)    v

STOVALL V. DENNO 388 U.S. 293, 302 87 S Ct p. 167    vi

WATSON V. STATE 823 S.W 2D 375 (Tex. App. Austin [3rd District] 1990    vii

WRIGHT V. STATE 823 S.W. 2D 838 (Tex. Crimm. App.- 1980)    v

## INDEX OF AURTHORITIES - STATUTES

TEX. P.C. ART 2.01 (VERNON 1974)    v

## INDEX OF AURTHORITIES - ~~STATUTES~~ RULES

TEX. R. APP. PROC. 25.2    iii

TEX. R. APP. PROC. 38.1 c    ii

TEX R. APP. PROC. 43.2 C    x

TEX. R APP. PROC. 43.3 b    x

TEX. R. APP PROC. 44.2 A and b    x

## STATEMENT RE: ORAL ARGUMENT

Pursant to Tex. R. APP. Proc. 38.1 c the Appellant request oral argument that would be helpful in the decisional process.

## SUMMARY OF THE ARGUMENT

In Appellant point of Review he argue that the evidence was legally insufficient to sustain the conviction. The court failed to view all evidence in Light of Burden of proof. The evidence was factually insufficient to sustain A conviction, the jury's guilty verdict was so against the greater weight and preponderance of the evidence as to be manifestly unjust. Appellant makes this Argument based upon his Analysis of the record.

The Appellant argues that the cause should be reversed and Remanded for a New trial or Acquittal because Appeal court failed to decide an important question of the state or federal in way that conflicts with the Applicable decision of the Court of Criminal Appeal or the Supreme Court of the United State; whether the justic of A Court of Appeal have disagreed on A material question of Law Necessary to the court's decision; whether a court of Appeals has decided an important question of state or federal Law that has not been, but should be, settled by the Court of Criminal Appeals

# STATEMENT OF THE CASE

The Appellant has Petition For Descretionary Review on the grounds of sufficiency of the evidence As to the Possession of Controlled Substance And the Evading Arrest in A Motor Vehicle. Appellant urgues the court to Reverse the judgment. to Tex. R. APP PROC. 25.2

A) The Appellant finds the court of Appeals erred in deciding an important question of state or federal law that has not been, but should be, settled by the Court of Criminal Appeal E) Whether the justices of A court of Appeal have disagreed on A material question of law necessary to the Court's decision. F) Whether A Court of Appeals has so far departed from the Accepted And usual course of judicial procedings, or so far sanctioned such A departure by A lower court, as to call for an exercise of the Court of Criminal Appeals' Power of supervision.

# STATEMENT OF PROCEDURAL HISTORY

1) Opinion issued April 9, 2015

2) Appeal Attorney filed Pro Se motion for an extension (Mr Tony Aninao) on May May 1, 2015 Appellant filed an Motion for Extension of Time to File Petition for Discretionary Review on July 10, 2015. I was extended to July 27, 2015, Monday. which I Recieved the extention Note on July 24. 2015, Friday.

3) No Motion for Rehearing was filed.

iv

# GROUNDS FOR REVIEW

The court of Appeals in holding that evidence was sufficient. While Appollant Argued to not being present. The state failed to prove without a reasonable doubt the Appellant in fact was the driver of the vehicle December 20, 2011. Addressing the accuracy of the prior description of the Appellant.

The Fourthteen Amendment provides that no person shall lose his or her Life, Liberty or poperty without due process of Law. The Due "Process Claus" protect a suspect from police identification procedures that Are so impermissibly suggestive As to Create a very substancial Likelihood of irreparable Misidentification. therefore the evidence was Legally Insufficient to support A conviction. The burden of proof is on the state to prove each and element of the offense beyound A Reasonable doubt. MULLANEY V WILBUR. 421 U.S. 684. 95 5 ct 1881 44. L.E.D 20 508 (1975); IN RE WINSHIP 397 U.S. 358. 90 SCT. 1068. 25 L.E.D 2D 368 (1970); WRIGHT V. STATE 603 S.W. 838 (Tex. Crimm. App. - 1980) Tex. P.C. ART. 2.01 (VERNON-1974)

While being detain in Harris County Jail Awaiting trial in (22) months Appellant was not given proper identification, the state or Law enforcement could have ORChestrated.

V

The State Relied on in-Court-Identification _LOSERTH V. STATE_ 963 S.W. 2d 770. 772 (Tex Crimm. Proc. 1998) 7.8] When faced with an issue of Mixed Law and fact the critical question under Guzman is whether it "turn" on an evalution of Credibility and demeanor a trial court's Ruling on a mix question of fact and law will often depend in Large part on how the trial Asses the demeanor and Credibility of certain witness for instance the credibility of the arresting police officer would certainly be weighed heavily by a trial court in A Ruling on A Motion to suppress evidence based upon An Alleged Lack of probable cause. But the fact that credibility And demeanor are facts even important factors in trial courts accessement does not necessarily mean Mixed question full within the second category identified. in GUZMAN " The Resolution of the mixed question of Law and fact presonted here whether the Appellant was detain within the Meaning of the Fourth Amendment does not " turn on An evalution of credibility testified by the state witness. that testimony may not Add up to a finding of that appollant was even detain at all.

Traditionall safeguard of A Line-up or A photographic Array is inheritly suspect And has been uniformly condemaled by Courts _STOVALL V. DENNO_ 388 U.S. 293, 302, 87 S. Ct p. 167.

vi.

Appellant was not given a proper prior discription by neither witnesses prior to trial. No Record show the discribe as the occupant of the vehicle finding overwhelming evidence that defendant was perpetator of a crime mitigated significance of impermissible pretrial indentification is unreliable by clear and convincing evidence. DELK V. STATE 855 S.W. 2D H 702 (Tex. Crimm. App.) Madden V STATE 799 S.W. 2D At 695" The lack of Accuracy of the witness prior description of the criminal."

Appellant question the court of Appeal, whether a court of Appeals has decided an important question of state or federal law in a way that conflicts with the Applicable decision of the Court of Criminal Appeals or the Supreme Court of the United States. Deputy Gutierrez testified in trial that he could not see A License plate on the Vehicle so he conducted A traffic stop [RR 26-27] in the same testimony Ask to Read the police Report And in Fact the Vehicle had two plates. one paper tag And A regular plate. Appellant call in question Deputy Gutierrez eye sight the Night of December 20, 2011. And the fact the witness gave false testimony for probable cause. In Another instance through dark tinted window the deputy claim to have seen A bag of leafy substance in which he belive was Marihuana in plain view. [RR-34-35] Deputy Gutierrez continued to testify to having put the Appellant Driver License in his belt. then entering it into evidence

vii

with other evidence. When trial Attorney (Ms. Shannon) Asked where was the drivers License now. deputy Guttierrez stated the defendant must have gotten it back or it was still in evidence. The fact that it's no way for Appellant to Retrieve his Drivers License back from evidence which at the time was an open case. was clearly a dropsy testimony never showing proof of having possessed the drivers License to the Court. Deputy Guttierrez gave false statement knowingly And intentionally OR with Reckless disregard for the truth. was included by the Affaint in the warrant affidavit. And if the allegedly false statement is necessary to the finding of probable cause. MAPP V. Ohio 367 U.S. 643 (1961) the evidence is legally insufficient to support a conviction.

Factual Sufficiency Review begin with an assumption that evidence is Legally sufficient under the test set out in JACKSON V. VIRGINIA 443 U.S. 307, 99 S. S Ct 2781 61 LED 2D 560 (1997) STANTELLAN V. STATE 939, S.W. 2d. 155, 164 (Tex Crimm App. - 1997) Because the great weight and preponderance of the evidence contradicts the verdict. WATSON V. STATE 823 S.W. 2d 375 (Tex App Austin [3ᵈ Dist 1990] when considering a factual sufficiency challenge the Record comparing the weight of the evidence that tend to prove.

guilt with the evidene that tends to disaprove it
**STANTELLAN V. STATE** 939 S.W 2D 155, 164 (Tex. Crimm. App.
1997.) Here was no forensic evidence (Finger print, DNA which
connects the defendant to the Contraband or the container, or
the scene of the crime present to the jury out of 19 various
elements and evidentary fact for consideration of a possible
argument, there are 3 which can be use in support of a
possible argument "10) whether other contraband or
drug paraphernalia were present; 12) whether the contra-
was found in an enclosed place; 16) the quantity of the
contraband discovered.

Appellant prays that the Court of Criminal
Appeals reverse Appellant conviction on Evading Arrest in
a Motor Vehicle and Possession of a controlled Substance in-
dictment and Render a judgment of acquittal as to that
case **BURKHOLDER V. STATE.** 600 S.W. 2D 540 (Tex. Crimm.
App. - 1983)

ix

# PRAYER FOR RELIEF

Wherefore. Premises Considered. Appellant pray that this **HONORABLE** Court consider Appellant Review argued herein. And order that the judgment of guilty And the sentence be Reversed. And An Acquittal ordered as to the Evading Arrest in A Motor Vehicle And Possession of Phencyclidine case. Tex. R. APP PROC. 43.2 (C): Tex. R. APP PROC. 44.2(a)and(b)

In the alternative. Appellant prays that the judgment of guilt and the 30 year sentence be Reversed And a New trial ordered as to both indictments. Tex. R. APP PROC. 43.3b)

X

# APPENDIX

Opinion issued April 9, 2015

# MEMORANDUM OPINION

A jury found Appellant guilty of two offenses: evading arrest or detention in a motor vehicle and possession of a controlled substance, namely phencyclidine, weighing more than 1 gram and less than 4 grams. Finding two enhancement paragraphs to be true, the trial court assessed Appellant's punishment for each offense at 30 years in prison, with the sentences to run concurrently.

On Appeal, Appellant asserts four issues. He challenges the sufficiency of the evidence to support the judgment of conviction for possession offense, asserts that the trial court's Allen [a] charge in the possession offense, asserts that the trial court erred in each case by failing to arraign him before the punishment phase on the enhancement allegation in each indictment.

We affirm in each appeal.

Opinion issued April 9, 2015



In The

# Court of Appeals

For The

# First District of Texas

———————————

NO. 01-14-00513-CR

NO. 01-14-00514-CR

———————————

## AARON CHARLES BURTON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

———————————

On Appeal from the 351st District Court
Harris County, Texas
Trial Court Case Nos. 1330898 & 1330899

———————————

## MEMORANDUM OPINION

A jury found Appellant guilty of two offenses: evading arrest or detention in

a motor vehicle and possession of a controlled substance, namely, phencyclidine,

weighing more than 1 gram and less than 4 grams.[1] Finding two enhancement paragraphs to be true, the trial court assessed Appellant's punishment for each offense at 30 years in prison, with the sentences to run concurrently.

On appeal, Appellant asserts four issues. He challenges the sufficiency of the evidence to support the judgment of conviction for possession offense, asserts that the trial court's *Allen*[2] charge in the possession case was unduly coercive, and claims that the trial court erred in each case by failing to arraign him before the punishment phase on the enhancement allegations in each indictment.

We affirm in each appeal.

### Background

Around 1:00 a.m. on June 3, 2014, Deputy P. Gutierrez of the Harris County Sherriff's Office initiated a traffic stop of Appellant's vehicle when he noticed the car did not have a license plate. During the stop, Deputy Gutierrez confirmed Appellant's identity by looking at his driver's license. As he began walking to his patrol car to check whether Appellant had any outstanding warrants, Deputy Gutierrez shined his flashlight in the back of Appellant's car. He saw, in plain

---

[1]     *See* TEX. PENAL CODE ANN. 38.04(b)(2)(A) (Vernon Supp. 2014) (evading arrest); TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (c) (Vernon 2010) (possession of phencyclidine).

[2]     *See Allen v. United States*, 164 U.S. 492, 501, 17 S. Ct. 154, 157 (1896).

2

view, what he believed to be a large bag of marihuana. When Deputy Gutierrez turned around to ask Appellant to step out his vehicle, Appellant sped off.

Two other sheriff's deputies, Deputy B. Graham and his partner Deputy Faughtenbery, arrived at the scene just as Appellant was fleeing. Deputy Gutierrez asked the two deputies to pursue Appellant. Deputy Gutierrez got in his patrol car and joined the other officers in pursuing Appellant's vehicle. Deputy Graham saw Appellant throw two baggies from his vehicle during the chase. Deputy Gutierrez stopped and picked up a baggie from the road, which he believed contained the marihuana that he had seen in the backseat.

Appellant drove about one mile until he came to a dead end. At the dead end, Appellant jumped out of his car and ran into a nearby wooded area. Two of the officers gave chase but were not able to apprehend Appellant that night.

Before it was towed, the officers inventoried Appellant's car. They recovered what appeared to be a baggie with marihuana from the driver's seat. The officers also recovered a pill bottle from the center console, containing a smaller bottle inside it. The smaller bottle contained a liquid that a forensic laboratory later determined was 3.3 grams of phencyclidine, also known as PCP.

A warrant was issued for Appellant's arrest. He was charged in two separate indictments with the offenses of evading arrest or detention in a motor vehicle and possession of a controlled substance, namely, phencyclidine, weighing more than 1

3

gram and less than 4 grams. Each indictment also contained two enhancement paragraphs alleging that Appellant had previously been convicted of the offenses of possession of a controlled substance and possession of a controlled substance with the intent to deliver.

At trial, the State presented the testimony of Deputy Gutierrez and Deputy Graham. The State also presented the testimony of the forensic lab employee, who had tested the substance in the bottle recovered from Appellant's car. The employee testified that her analysis of the substance revealed it was 3.340 grams of PCP, including adulterants and dilutants.

After beginning deliberations, the jury sent a note to the trial court stating that it had reached a verdict regarding the evading arrest offense, but it was deadlocked 10 to 2 regarding the possession offense. The trial court gave the jury an *Allen* charge. Thereafter, the jury found Appellant guilty of the offenses of evading arrest or detention in a motor vehicle and of possession of a controlled substance, namely, phencyclidine, weighing more than 1 grams and less than 4 grams. Appellant choose to have the trial court assess punishment.

At the punishment hearing, Appellant, both orally and in writing, stipulated that he had previously been convicted of 23 offenses. These included 17 misdemeanors and 6 felonies. Among these were the two felony offenses forming the basis of the two enhancement paragraphs in the indictments. The stipulation of

4

evidence and each of the 23 judgments of conviction were admitted into evidence. Appellant also stipulated to two unadjudicated offenses.

During closing argument, the defense requested the trial court to sentence Appellant to 25 years in prison, which, given the two enhancement paragraphs to which he had stipulated, was the minimum sentence Appellant could receive. The State requested that Appellant be sentenced to 35 years in prison.

The trial court sentenced Appellant to 30 years in prison for each offense, with the sentences to run concurrently. Appellant now appeals the judgments of conviction.

## Sufficiency of the Evidence

In his first and second issues, Appellant asserts that the evidence was legally and factually insufficient to support the judgment of conviction for the offense of possession of PCP. Specifically, Appellant contends that the State failed to prove that he knowingly possessed the PCP, an element of the charged offense. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.002(38), 481.102(8), 481.115(a), (c) (Vernon 2010)

### A. Standard of Review

We review the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof under a single standard of review, regardless of whether an appellant presents the challenge as a

5

legal or a factual sufficiency challenge. *See Ervin v. State*, 331 S.W.3d 49, 53–54 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (construing majority holding of *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010)). This standard of review is the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). *See Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013).

Pursuant to the *Jackson* standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We can hold evidence to be insufficient under the *Jackson* standard in two circumstances: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a reasonable doubt. *See Jackson*, 443 U.S. at 314, 318 & n.11, 320, 99 S. Ct. at 2786, 2789 & n.11; *see also Laster*, 275 S.W.3d at 518; *Williams*, 235 S.W.3d at 750.

The sufficiency-of-the-evidence standard gives full play to the responsibility of the fact finder to resolve conflicts in the testimony, to weigh the evidence, and

to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). An appellate court presumes that the fact finder resolved any conflicts in the evidence in favor of the verdict and defers to that resolution, provided that the resolution is rational. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793.

In our review of the record, direct and circumstantial evidence are treated equally; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Clayton*, 235 S.W.3d at 778. Finally, "[e]ach fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

## B.    Elements of the Offense and Pertinent Legal Principles

A person commits an offense if he knowingly or intentionally possesses more than one gram, but less than 4 grams, of PCP, including adulterants and dilutants. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(8), 481.115(a), (c). To prove possession, the State must show the accused (1) exercised control, management, or care over the contraband and (2) knew the substance possessed was contraband. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *Roberts v. State*, 321 S.W.3d 545, 548 (Tex. App.—Houston [14th Dist.] 2010, pet.

7

ref'd). Possession may be proved through either direct or circumstantial evidence. *Poindexter v. State*, 153 S.W.3d 402, 405–406 (Tex. Crim. App. 2005); *see also Rice v. State*, 195 S.W.3d 876, 881 (Tex. App.—Dallas 2006, pet. ref'd) (stating jury could infer knowing or intentional possession of contraband).

If a defendant is not in exclusive possession of the place where the illegal drugs are found, then additional independent facts and circumstances must link the defendant to the contraband in such a way that it can be concluded that he had knowledge of the contraband and exercised control over it. *See Batiste v. State*, 217 S.W.3d 74, 79–80 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Roberson v. State*, 80 S.W.3d 730, 735 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). Such linkage generates a reasonable inference that the defendant knew of the contraband and exercised control over it. *See Roberson*, 80 S.W.3d at 735. Proof of a link between the defendant and the illegal drugs is needed primarily to establish knowledge or intent. *Id.* It is not sufficient to show the defendant was merely present in the vicinity of the contraband. *Batiste*, 217 S.W.3d at 80. Whether this evidence is direct or circumstantial, it must establish, to the requisite level of confidence, that the defendant's connection with the drug was more than fortuitous. *Poindexter*, 153 S.W.3d at 405–06.

Possible links include, but are not limited to, the following: (1) whether the defendant was present when the search was conducted; (2) whether the contraband

8

was in plain view; (3) whether the defendant was in close proximity to and had access to the contraband; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the accused attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia was present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Evans*, 202 S.W.3d at 162 n.12; *Lair v. State*, 265 S.W.3d 580, 600 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

In deciding whether the evidence is sufficient to link a defendant to contraband, the fact finder is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony. *Poindexter*, 153 S.W.3d at 406. The link between the defendant and the contraband need not be so strong that it excludes every other outstanding reasonable hypothesis except the defendant's guilt. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).

No formula of facts exists to dictate a finding of links sufficient to support an inference of knowing possession. *See Taylor v. State*, 106 S.W.3d 827, 831

9

(Tex. App.—Dallas 2003, no pet.). A factor that is of little or no value in one case may be the turning point in another. *See Nhem v. State*, 129 S.W.3d 696, 699 (Tex. App.—Houston [1st Dist.] 2004, no pet.). When determining whether the defendant knew that he possessed contraband, the jury is allowed to infer the defendant's knowledge from his acts, conduct, remarks, and from the surrounding circumstances. *See Krause v. State*, 243 S.W.3d 95, 111 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). In sum, it is the logical force of the evidence, and not the number of links, that supports a fact finder's verdict. *Evans*, 202 S.W.3d at 166.

With these principles in mind, we turn to Appellant's arguments and the evidence in the record.

## C.    Analysis

To support his sufficiency challenge, Appellant cites a lack of direct proof that he knowingly or intentionally possessed the PCP. He points out that he was not present when the PCP was found in the car. Appellant acknowledges that he was driving the car, but asserts that the evidence did not show knowledge or awareness because the PCP was "found inside of a small pill bottle that itself was inside of another larger container that itself was then found stuffed down into the seat and center console of the vehicle the Appellant had been driving."

Appellant correctly points out that mere presence in the same place as the controlled substance alone is not sufficient to justify a finding of possession. *See*

10

*Evans*, 202 S.W.3d at 161–62; *Harrison v. State*, 555 S.W.2d 736, 737 (Tex. Crim. App. 1977). Nonetheless, Appellant's analysis does not appropriately view the evidence in the light most favorable to the verdict and improperly discounts significant evidence, linking him to the PCP. We also note that the absence of various affirmative links does not constitute evidence of innocence to be weighed against the affirmative links that are present. *James v. State*, 264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd).

Although he was not present when the deputies found the PCP, Appellant had been driving the car and was its sole occupant. This linked appellant to the PCP. *See Ly v. State*, 273 S.W.3d 778, 782 (Tex. App.—Houston [14th Dist.] 2008, pet, ref'd) (considering appellant's possession and ownership of vehicle as link to illegal drugs recovered from console); *see also Stout v. State*, 426 S.W.3d 214 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (relying, in part, on appellant's status as driver of vehicle to link him to firearm concealed behind radio's faceplate). In addition, the PCP was accessible to Appellant because it was located under an armrest in a console next to the driver's seat. *See Ly*, 273 S.W.3d at 782 (determining that cocaine was accessible to appellant because it was located in center console next to driver's seat); *see also Robinson v. State*, 174 S.W.3d 320, 326 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (determining that contraband was "conveniently accessible" to defendant when it was "within the close vicinity

11

of the accused and easily accessible while in the vehicle so as to suggest that the accused had knowledge of the contraband and exercised control over it.").

Several other factors also affirmatively linked Appellant to the PCP. These factors included: (1) the presence of other contraband, that is, what Deputy Gutierrez testified was marihuana in Appellant's vehicle; (2) Appellant's flight from the deputies both in his vehicle and then on foot; (3) Appellant's act of throwing the baggies out of the vehicle as he fled, indicating a consciousness of guilt; and (4) the center console, where the PCP was found, was an enclosed place. *See Ly*, 273 S.W.3d at 782 (determining, among other factors, that console where cocaine was found to be an enclosed space).

The circumstantial evidence outlined above, when viewed in combination, constitutes ample evidence connecting appellant to the actual care, custody, control, or management of the PCP such that a jury could have reasonably inferred that Appellant knowingly possessed it. *See Evans*, 202 S.W.3d at 166. Although Appellant cites link factors on which the State presented no evidence, as well as evidence that weighs in his favor, "[i]t is the logical force of the circumstantial evidence, not the number of links, that supports a jury's verdict." *See id.* Viewing the evidence in a light most favorable to the verdict, we conclude that a rational fact finder could have found beyond a reasonable doubt that Appellant knowingly possessed the PCP. *See Ly*, 273 S.W.3d at 782.

12

We overrule Appellant's first and second issues.

**Reading of Enhancement Paragraphs and Taking of Plea**

In his third issue in each appeal, Appellant asserts that the trial court erred because it did not read the allegations in the two enhancement paragraphs and receive a plea to these allegations before assessing his punishment.

Appellant relies on Code of Criminal Procedure article 36.01(a)(1), which provides as follows:

> (a) A jury being impaneled in any criminal action, except as provided by Subsection (b) of this article, the cause shall proceed in the following order:
>
> > 1.    The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment . . . reciting such convictions shall not be read until the hearing on punishment is held . . . .

TEX. CODE CRIM. PROC. ANN. art. 36.01(a)(1) (Vernon 2007).

The Court of Criminal Appeals has long held that the reading of the charging instrument is mandatory. *Warren v. State*, 693 S.W.2d 414, 415 (Tex. Crim. App. 1985). It serves to inform the accused of the charges against him and to inform the jury of the charges against the accused. *Id.*

Article 36.01 applies to the punishment phase of a bifurcated trial. *Id.* at 415–16. Enhancement paragraphs must be read, and the defendant's plea to the enhancement allegations must be entered during the punishment phase of the trial

when a jury assesses punishment. *See Ex parte Sewell*, 742 S.W.2d 393, 395 (Tex. Crim. App. 1987); *see also Reed v. State*, 500 S.W.2d 497, 499 (Tex. Crim. App. 1973) ("There can be no question but that the enhancement portion of the indictment should be read to the jury if the punishment is to be assessed by the jury in light of Article 36.01(1).").

Here, however, the jury did not assess punishment. Appellant elected to have the trial court assess punishment. The Court of Criminal Appeals has also held that, when the punishment phase of the trial is held before the trial court, the Code of Criminal Procedure does not require the reading of the enhancement paragraphs and the receipt of the defendant's plea to the enhancement paragraphs. *See Reed*, 500 S.W.2d at 499; *see also Davis v. State*, 970 S.W.2d 747, 749 (Tex. App.—Houston [14th Dist.] 1998, no pet.) ("[Article 36.01] does not support Davis' argument that the trial court erred by failing to read the indictment before the punishment hearing because this article concerns the procedure for trial before a jury."); *Garner v. State*, 858 S.W.2d 656, 659 (Tex. App.—Fort Worth 1993, pet. ref'd) ("[T]here is no requirement that the enhancement paragraphs be orally read to the defendant when punishment is assessed by the trial court alone."); *Simms v. State*, 848 S.W.2d 754, 755 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd) ("Appellant had the trial judge assess punishment; therefore, it was not necessary

for the State to read the enhancement paragraphs, and appellant did not have to plead to them.").

When the trial court assesses punishment, a defendant is not required to state an oral plea to enhancement paragraphs on the record if he has previously stipulated to the allegations in the enhancement paragraphs. *Garner*, 858 S.W.2d at 659; *see also Reed*, 500 S.W.2d at 499 ("At the hearing on punishment, while represented by retained counsel, appellant stipulated to the truthfulness of the enhancement portion of the indictment. It would be difficult to say that he was misled as to that with which he was charged."); *Davis*, 970 S.W.2d at 749 ("Having stipulated to the truthfulness of these [enhancement] paragraphs, he cannot be heard to complain that he did not know the charges against him.").

Here, after the jury found Appellant guilty of the offenses of evading arrest and possession of a controlled substance, the trial court assessed Appellant's punishment.[3] The trial court did not read the two enhancement paragraphs in the indictments at the beginning of the punishment hearing. Rather, the State introduced, and the trial court admitted, Appellant's written stipulation of his 23

---

[3] We note that Appellant never objected to the trial court's failure to read the enhancement paragraphs and to receive his plea to the enhancement paragraphs. *See Reed v. State*, 500 S.W.2d 497, 499 (Tex. Crim. App. 1973) ("It would also appear that appellant may not raise the question for the first time on appeal. Had there been an objection, the problem could have been easily remedied by reintroducing the evidence, if any had been offered after the enhancement allegations of the indictment had been read, and the appellant's plea thereto entered.").

prior convictions and the corresponding judgments and sentences. Among these, Appellant stipulated that he had committed the two felonies alleged in the enhancement paragraphs of the indictments. The trial court cautioned Appellant, "You understand that by stipulating to this evidence, you're giving up your right to require the State to prove it?" Appellant responded affirmatively that he understood.

Additionally, during his closing argument, defense counsel remarked, "[W]e know that [punishment] starts at 25 years." Appellant requested the trial court to assess the minimum sentence of 25 years in prison. By these statements, Appellant acknowledged that he was aware of the two enhancement allegations in the indictments. *See* TEX. PENAL CODE ANN. § 12.42(d) (Vernon 2011) (providing range of punishment between 25 and 99 years for felony conviction enhanced by two prior felony convictions). The trial court sentenced Appellant to 30 years in prison for each offense to run concurrently. After pronouncing the sentence, the trial court clarified on the record that it had found both enhancement paragraphs to be true.

A review of the record shows that, although it did not read the enhancement paragraphs to Appellant before assessing punishment, the trial court admitted Appellant's stipulation that he had committed the prior offenses alleged in the enhancement paragraphs, received verbal confirmation from Appellant that he was

aware of the consequences of the stipulation, and stated on the record that it found the allegations in the enhancement paragraphs to be true. In addition, the record shows that Appellant was aware of the enhancement paragraphs by his acknowledgment of the minimum sentences he could receive.

We conclude that, because it assessed punishment, the trial court was not required to read the allegations in the enhancement paragraphs to Appellant. *See Reed*, 500 S.W.2d at 499–500; *see also Seeker v. State*, 186 S.W.3d 36, 39 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) ("When the trial court alone assesses a defendant's punishment, the court is not required to read . . . the enhancement paragraphs or the findings to the defendant."); *Davis*, 970 S.W.2d at 749; *Garner*, 858 S.W.2d at 659. Thus, we hold that the trial court did not err when it did not read the enhancement paragraphs and receive a plea from Appellant regarding the enhancement allegations.

As to each appeal, we overrule Appellant's third issue.

### *Allen* Charge[4]

---

[4] In *Allen*, the United States Supreme Court approved the use of supplemental jury instructions to encourage a deadlocked jury to continue deliberating in order to reach a verdict if the jurors could do so without violating their consciences. *See Allen*, 164 U.S. at 501, 17 S. Ct. at 157. The Texas Court of Criminal Appeals has defined an *Allen* charge as a "supplemental charge sometimes given to a jury that declares itself deadlocked." *Barnett v. State*, 189 S.W.3d 272, 277 n.13 (Tex. Crim. App. 2006). The supplemental charge "reminds the jury that if it is unable to reach a verdict, a mistrial will result, the case will still be pending, and there is no guarantee that a second jury would find the issue any easier to resolve." *Id.*

In his fourth issue, Appellant complains that the *Allen* charge, given with respect to the possession offense, was "unduly coercive and had the net effect of coercing the jury into arriving at a guilty verdict without the opportunity for free, fair and full jury deliberations." As pointed out by the State, the record does not reflect that Appellant objected to the *Allen* charge in any respect.

To preserve error concerning the submission of an *Allen* charge, the defendant must object to the submission of the supplemental charge. *See Thomas v. State*, 312 S.W.3d 732, 740 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) ("There is no evidence in the record that appellant objected to the submission of this [*Allen*] charge. Appellant has, therefore, waived any error with respect to the trial court's decision to deliver the *Allen* charge."); *see also* TEX. R. APP. P. 33.1(a)(1)(A) (providing that, to preserve error, complaining party must make complaint to trial court by timely request, objection, or motion that states grounds for ruling sought with sufficient specificity to make trial court aware of complaint). Because he did not object to the submission of the *Allen* charge, Appellant failed to preserve for appellate review his complaint that the *Allen* charge was unduly coercive. *See Thomas*, 312 S.W.3d at 740.

We overrule Appellant's fourth issue.

## Conclusion

We affirm the judgments of the trial court.


Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).